United States District Court
Southern District of Texas
FILED

JUN 0 8 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALICE CARLSON | { | |
| | { | CIVIL ACTION NO. B-00-071 |
| V. | { | |
| | { | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, | { | |
| TEXAS and JIM SCHOEPNER | { | |

### INDIVIDUAL DEFENDANT'S MOTION TO DISMISS
### UNDER FRCP 12/(b)(6) BASED ON QUALIFIED IMMUNITY

TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN and JIM SCHOEPNER

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

IV.  Defendant Scheopner Is Entitled to
     Qualified Immunity Against § 1983 Claims
     Raised by Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     A.  Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

     B.  Defendant Scheopner Entitled to Qualified
         Immunity Unless Clearly Established Law Would Have
         Informed Him His Alleged Actions Were Unconstitutional . . . . . . . 5

     C.  Constitutional Law Concerning Plaintiffs'
         Claims Not "Clearly Established in July 1998 . . . . . . . . . . . . 6

         1.  Plaintiff Has Not Alleged a Constitutional Right . . . . . . . . 6

         2.  Any Alleged Right Not
             "Clearly Established" In July 1998 . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

# INDEX OF AUTHORITIES

**Cites:**                                                          **Page**

*Alton v. Hopgood*, 994 F.Supp. 827 (S.D.Tex. 1998)
    *aff'd* 168 F.3d 197 (5th Cir. 1999) ................ 6

*Anderson v. Creighton*, 483 U.S. 635,
    107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ................ 5

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ................ 4

*Brady v. Ft. Bend County*, 58 F.3d 173 (5th Cir. 1995) ................ 6

*Bridges v. City of Dallas*,
    1998 WL 320286 (N.D.Tex., June 8, 1998) ................ 8

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) ................ 8

*Campbell v. City of San Antonio*,
    43 F.3d 973 (5th Cir. 1995) ................ 6

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ................ 7

*Dunn v. Denk*, 79 F.3d 401 (5th Cir. 1996) (en banc) ................ 5

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) ................ 4

*Gutierrez v. City of San Antonio*,
    139 F.3d 441 (5th Cir. 1998) ................ 5

*Johnson v. Dallas ISD*, 38 F.3d 198 (5th Cir. 1994) *cert. denied*
    514 U.S. 1017, 115 S.Ct. 1361, 131 L.Ed.2d 218 (1995) ................ 7

*Kaiser v. Garrett*, 67 F.3d 1166 (5th Cir. 1995) ................ 5

*Lassiter v. Alabama A & M Univ. Bd. of Trustees*,
    28 F.3d 1146 (5th Cir. 1994) ................ 6

*Leffall v. Dallas I.S.D.*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Martin v. City of League City*, 23 F.Supp.2d 720
    (S.D.Tex., Sept. 30, 1998) (Kent, J.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meadowbriar Home for Children, Inc. v. Gunn*,
    81 F.3d 521 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997),
    *cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Salas v. Carpenter*, 980 F.2d 299 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995) (en banc) . . . . . . . . . . . . . . . . . . 4

*Siegert v. Gilley*, 500 U.S. 226,
    111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Soto v. Flores*, 103 F.3d 1056 (1st Cir. 1997) *cert. denied*,
    522 U.S. 819 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Summar v. Bennett*, 157 F.3d 1054 (6th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 8 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ALICE CARLSON | { |
| | {    CIVIL ACTION NO. B-00-071 |
| V. | { |
| | {    **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN | { |
| TEXAS and JIM SCHOEPNER | { |

INDIVIDUAL DEFENDANT'S MOTION TO DISMISS
UNDER FRCP 12/(b)(6) BASED ON QUALIFIED IMMUNITY

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants JIM SCHEOPNER, and files this his **INDIVIDUAL DEFENDANT'S MOTION TO DISMISS UNDER FRCP 12/(b)(6) BASED ON QUALIFIED IMMUNITY** and would show the Court as follows:

I. Statement of the Nature and Stage of These Proceedings

Plaintiff Carlson has sued for emotional distress under the (1) 42 USC § 1983; and (2) state tort law. Mrs. Carlson suffered emotional distress as a result of gunfire at a nearby residence between sheriff's deputies and a private citizen, Ernest Moore, who allegedly used a rifle belonging to Defendant Harlingen and issued to his father, Det. R.D. Moore. Subject to his motion to dismiss for improper service, Defendant Scheopner moves to dismiss under Rule 12(b)(6) the claims against him individually based on qualified immunity; he also asks the Court to order Plaintiff reply to his defense of qualified immunity, pursuant to Fed.R.Civ.Pr. 7(a).

1

## II. Statement of the Issues

1. Whether the Complaint states facts that defeat the defense of qualified immunity against a Fourteenth Amendment "Substantive Due Process" claim that Plaintiff Carlson suffered emotional distress as a result of gunfire between sheriff's deputies and a private citizen who used a rifle taken from the possession or control of a City employee.

2. Whether a Fourteenth Amendment "Substantive Due Process" claim will lie for injuries caused by a third party if Defendants did not force Plaintiff Carlson to encounter that harm and did not remove her ability to protect herself or avoid the danger.

3. Whether the alleged constitutional rights were "clearly established" in July 1998 for the purposes of qualified immunity.

## III. Plaintiff's Allegations

The Complaint, ¶ 14, alleges former police chief Scheopner approved the issuance of an AR-15 rifle to Harlingen Police Dept. Det. Moore. Complaint, ¶ 14. Plaintiff alleges Det. Moore was not proficient in the use and firing of the weapon and his duties did not require him to have such a rifle. Complaint, ¶ 15. The Complaint, ¶¶ 18, 34(A), alleges that Det. Moore promised to keep the weapon in his car trunk, and was not trained in the proper, safe storage of weapons.

The Complaint, ¶¶ 19 and 21, alleges Det. Moore, in fact, stored the rifle in a rifle safe in the bedroom of his son, Ernest Moore. Plaintiff alleges Ernest Moore was unstable, taking anti-depressants, and a former cocaine user. Complaint, ¶ 20. Plaintiff

2

alleges that, because the rifle safe was in Ernest's bedroom, he had "access" to the rifle. Complaint, ¶ 21.

The Complaint, ¶ 25, alleges that, on July 7, 1998, Ernest Moore committed a double homicide in Rio Hondo, Texas. As a result, the Sheriff's deputies began a manhunt for Ernest Moore at the Moores' residence. Complaint, ¶¶ 25-26.

Plaintiff Carlson lived in a mobile home on the lot adjacent to the Moore property. Complaint, ¶ 24. The Cameron County Sheriff's officers ordered her to stay on her property. Complaint, ¶ 27.

Although the Complaint is unclear how, gunfire erupted at the Moore residence. She alleges that a fusillade of bullets sprayed over her residence. Complaint, ¶ 26. The only alleged use she claims Ernest Moore made of the HPD rifle was to kill law enforcement agencies and to help "create a war zone." Complaint, ¶ 43. The Complaint claims that Defendants allegedly took liberty or property in violation of the Fourth Amendment made applicable through the U.S. Constitution, 14th Amend. Complaint, ¶¶ 1, 39. However, she also alleges the wrongful conduct constituted "a state created danger and special relationship." Complaint, ¶ 29.

3

## IV. Defendant Scheopner Is Entitled to Qualified Immunity Against § 1983 Claims Raised by Complaint

### A. Standard of Review

If the Court denies his motion to dismiss under Rule 12(b)(5), Defendant Scheopner moves to dismiss the federal claims based on qualified immunity.

Under Rule 12(b)(6), the Court must accept the allegations as true and must review them in the light most favorable to the Plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that can be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

Plaintiff has a heightened burden to plead specific facts defeating Defendants Scheopner and Moore's qualified immunity from § 1983 claims. *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995) (en banc). The complaint must state facts defeating qualified immunity, not mere legal conclusions. *Schultea*, 47 F.3d at 1433. The court may order Plaintiff to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434.

4

B.  Defendant Scheopner Entitled to Qualified
    Immunity Unless Clearly Established Law Would Have
    Informed Him His Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established" constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231, 111 S.Ct. at 1792-93; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

5

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

    C.    Constitutional Law Concerning Plaintiffs' Claims Not "Clearly Established in July 1998

        1.    Plaintiff Has Not Alleged a Constitutional Right

The law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to protect one citizen from the violent acts of another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997), *cert. denied*, 525 U.S. 822, 119 S.Ct. 65 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that such a theory is viable. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

Regardless of the label on Plaintiffs' § 1983 theory, Carlson's injury was caused by a private citizen, not a public official. Whether phrased as a failure to properly store the weapon or a failure to disclose information about Ernest Moore, Plaintiff's case rises

or falls on a failure to protect theory. The law concerning § 1983 liability for failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197, 109 S.Ct. at 1004. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201. The Fifth Circuit has expressed extreme skepticism that the exception will ever be recognized. *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

7

2. Any Alleged Right Not
"Clearly Established" In July 1998

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" exception, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998). Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims. *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997); *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998). Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory. *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex., Sept. 30, 1998) (Kent, J.).

CONCLUSION

Because Defendant Schoepner asserted qualified immunity against the individual liability claims, Plaintiff is obligated to state facts showing the existence of a violation of the Constitution, that Defendant's conduct violated clearly established constitutional law in July 1998, and his conduct was objectively unreasonable. Plaintiffs' Complaint wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should dismiss under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant, Jim Scheopner, prays the Court grant the relief requested, and any other such further relief to which he may show himself entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,
CITY OF HARLINGEN and JIM SCHEOPNER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this ___ day of June, 2000, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiff, ALICE CARLSON:

Mr. Ronaldo S. Lozano  **Via CMRRR No. 7099 3220 0001 0358 0481**
Attorney at Law
360 East Hwy. 77, Suite 1
San Benito, TX 78586-5214

_____
ROGER W. HUGHES