Case 1:00-cv-00071 Document 9 Filed in TXSD on 07/10/2000 Page 1 of 9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 0 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ALICE CARLSON | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-071 |
| | § | |
| | § | JURY DEMANDED |
| CITY OF HARLINGEN, TEXAS, | § | |
| CAMERON COUNTY, TEXAS, | § | |
| | § | |
| AND | § | |
| | § | |
| R.D. MOORE AND | § | |
| JIM SCHEOPNER | § | |

# PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS UNDER FRCP 12(b)(5)and UNDERFRCP12(b)(6)

TO THE HONORABLE JUDGE OF THIS COURT:

## I.

## STANDARD OF REVIEW

**The standard of review for a motion to dismiss is stated in Page 5 of their Motion to Dismiss under FRCP 12(b)(6) as following:**

> **Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiffs, drawing all reasonable inference in favor of the pleader. *Baker v. Putnql*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar***

***Home For Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).**

A court may not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). In other words, even if the complaint fails to state a claim, a court ordinarily should not dismiss the complaint except after affording every opportunity to plaintiff to state a claim. *Blair v. National Construction Company of the South, Inc.*, 611 F.2d 80, 82 (5th Cir. 1980); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).

## II.

## THE FACTS ALLEGED IN FIRST AMENDMENT COMPLAINT ARE SUFFICIENT TO SUPPORT PLAINTIFFS' 1983 CAUSE OF ACTION

Conduct of a state official, more culpable than negligence, may constitute denial of due process sufficient to support an action under 42 U.S.C. § 1983. *Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992). The conduct of the individual Defendants, Detective R.D. Moore and Police Chief Jim Scheopner, alleged in the amendment, is more culpable than negligence.

In the present case, the AR-15 semi-automatic assault rifle used by Ernest Moore, son of Detective Moore, to kill Ricardo Guillermo Salinas and Susan Lynn Rodriguez, and injure Plaintiff Carlson in the ensuing "war zone" through infliction of emotional distress with physical manifestation, was owned by a Harlingen citizen, Sylvia Pirtle, a physician's wife. In 1996, she delivered possession and ownership of this



ClibPDF - www.fastio.com

assault rifle to the Harlingen Police Department, for one – and only one – purpose: to destroy it because she was afraid of burglary and that the assault rifle could fall into the dangerous hands of criminals. Instead of destroying it, Chief Scheopner illegally took possession of the rifle for the Harlingen Police Department and assigned it to Detective Moore. The rifle should not have been assigned to Detective Moore because he does not meet the existing minimum statewide proficiency standards for that type of weapon.

After the tragic event in question, Chief Scheopner made the purposely misleading statement to the media, which is set forth in the Harlingen Police Association's letter of October 14, 1998 requesting the Civil Service Commission to investigate the ruinous event in question. A copy of the letter and its attachment is attached hereto as Exhibit "A" and incorporated herein by reference as part of this Response.

Based on the matters discussed in the letter mentioned above, it is clear that the possession of the rifle by Detective Moore is an abuse of power under color of law by Chief Scheopner and Detective Moore. If they were not law enforcement officers, the rifle would not have ended up in Detective Moore's hands. Had they followed the law, the rifle would not have ended up in Detective Moore's hands. The abuse of power under color of law, that includes the Cameron County Sheriff's Department actions proximately caused the tragic sequence of events leading to the death of Ricardo Guillermo Salinas and Susan Lynn Rodriguez, in that, but for the reckless disregard of the law by the Sheriff's department, Chief Scheopner and Detective Moore, the sad event in question would never have taken place.



ClibPDF - www.fastio.com

Furthermore, as the facts set forth in the First Amended Complaint, this case does meet the four-prong "state-created danger" test under *Randolph v. Cervantes*, 130F.3d 727, 730 (5th Cir. 1997) described on Page 9 of Defendants' FRCP 12(b)(6) Motion as following:

1. The government officials must create the dangerous situation;
2. They must know the situation is dangerous;
3. The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and
4. They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his *sic* ( her ) ability for self defense.

First, Detective Moore, as a police officer, created the dangerous situation by allowing - or continuing to allow - his son access to the AR-15 by having the *only* other key to the gun cabinet where it was stored, when he knew his son was mentally unstable, knew his son was upset over his girlfriend, knew his son was a good shooter, and knew – before the Border Patrol Agents arrived on the scene – that his son that day was already "in some shit" or "in some deep shit" and by not warning all police agencies or next door neighbors – or having another officer do so – that his son had taken the AR-15 from the gun case that day, which was a conscious indifference to their safety. This led to the violation of Ms. Carlson's Constitutional rights.

Second, those same facts show that Detective Moore knew the situation was dangerous. Further and in fact, he told another officer – before the Border Patrol Agents were shot – that his son was probably off in the brush (Detective Moore knew his son was around because his truck was there, full of ammunition), the AR-15 was missing from the gun cabinet in the house, his son was upset and mentally unstable, his son was a



ClibPDF - www.fastio.com

good shooter with the AR-15, and he might be suicidal (One who shoots himself with an AR-15 takes a risk of the bullet going through the body or ricocheting and hitting others).

Third, by not informing – or having another officer inform – other officers of these clear and present dangers, Detective Moore stripped the Border Patrol Agents and Alice Carlson from defending themselves simply by staying away, which was a conscious indifference to safety on the part of Detective Moore. Further, Cameron County Sheriff Deputies prevented Ms. Carlson egress from a dangerous context thus causing her liberty interests to be placed under their [defendants] collective directive and control.

**III.**

**CITY OF HARLINGEN'S LIABILITY IN 1983 ACTION IS PREDICATED UPON THE CONDUCT OF CHIEF SCHEOPNER**

Chief Scheopner had final authority to make and establish policy governing the operation of the City of Harlingen Police Department ( Trial testimony of No. 97-12-7629-D, a sexual harassment case ), and the conduct of its officers and personnel. In all things, Chief Schoepner at all times acted in bona fide pursuance of general authority to act for the City of Harlingen on the subjects and matters to which their acts relate, which acts were and are imputed to the City of Harlingen. *Pembaur v. City of Cincinatti*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298 (1986); *Thomas v. Sams*, 734 F.2d 185, 192, (5th Cir. 1984), cert. denied, 472 U.S. 893, 105 S.Ct 3476(1985).

V.

**SERVICE OF PROCESS**

FRCP 4(m) states " If service...is not made upon defendant within120 days **after** the filing of the complaint, ... ". Since, most of August 2000 must elapse before a



ClibPDF - www.fastio.com

violation of service of process occurs Plaintiff is still within her legal rights to pursue discovery in this case. The Court should be mindful that this Plaintiff has not been afforded formal discovery, and should more specificity be required that it should be accompanied by meaningful discovery wherein the perjurer parties may be gleaned.

Respectfully submitted,

Ronaldo S. Lozano

RONALDO S. LOZANO
FED ID 14048
TBN: 12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956)399-9663
FAX (956)399-8285
ATTORNEY-IN-CHARGE

PLAINTIFF



ClibPDF - www.fastio.com

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent on this 10TH day of July, 2000, to all counsel of record.

Tom Lockhart
222 E. Van Buren, West Tower
P.O. Drawer 1429
Harlingen, Texas 78551-1429
Attorneys for Defendant
CMRRR# 7099 3220 0006 2798 0934

Mr. Michael Greenberg
Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 7746-5747
Via Regular Mail

And by hand delivery to other plaintiff's counsel.

Ronaldo S. Lozano
Ronaldo S. Lozano



ClibPDF - www.fastio.com





# HARLINGEN POLICE ASSOCIATION

*"To Protect & To Serve"*

422 E. Harrison • Harlingen, Texas 78550
(956) 412-8267


October 14, 1998

Sheryl Reed, Civil Service Director
Cesar Maldonado, Chairman-Civil Service Commission
Greg Powers, Civil Service Commissioner
Herman Wise, Civil Service Commissioner

City of Harlingen
118 E. Tyler
Harlingen, TX 78550

Dear Harlingen Civil Service Commission:

**Pursuant to the Local Government Code, Section 143.009, Commission Investigations and Inspections, the Commission may investigate and report on all matters relating to the enforcement and effect of this chapter and rules under this chapter and shall determine if the chapter and rules are being obeyed. Therefore as a matter of public concern, the Executive Board of the Harlingen Police Officers Association is calling for an investigation into the tragic shooting deaths of the Border Patrol Agents that occurred on July 7, 1998.**

The authority granted for the Commission to investigate this shooting is extended by the adoption of the City of Harlingen Local.Civil Service Rules. **Chapter 10, Conduct of Employees, Section 2., Departmental Rules, Section 10.02** stipulates the following: The Department Head shall be responsible for the preparation of departmental rules, a copy of which shall be issued to every employee upon their employment. Infraction of such rules by any member of the department may be grounds for disciplinary action or termination. **Further, Section 3., Conduct Off the Job, Section 10.03** stipulates: During his/her off-duty hours an employee shall conduct himself so as not to reflect discredit on the City, his/her department or fellow employees. The Harlingen Police Departmental Directives, under Section 9, Rules, stipulate that all employees must adhere to Professional Conduct, Conformance to Laws, and Conformance to Directives.

The infraction of any departmental rules, or an employee's conduct so as not to reflect discredit on the City, his/her department or fellow employees, will now be stipulated by the attachment following this letter. The Executive Board is requesting the Commission to conduct an independent, unbiased investigation into the tragic shootings that occurred on July 7, 1998 pursuant to 143.009. This is a matter of public concern and many questions have been raised about the use of a departmental issued weapon on the 7th of July 1998 This incident resulted in violations of the Harlingen Police Department Departmental Directives and the rules adopted by the Harlingen Police Department in compliance with the Texas Commission on Law Enforcement Standards and Education

EXHIBIT

ClibPDF - www.fastio.com

At any given point, the Commission initiates an inquiry pursuant to 143.009, the members of the Executive Board of the Harlingen Police Officers Association will be ready to comply with the provisions of this section in full cooperation cited in Section (b),(2) where the Commission may ask for accounts relating to the investigation. We request formal notification prior to the hearing so as to prepare for the provisions of this section.

Regarding our letter, we submit this letter pursuant to the **Government Code, Section 554.002., Retaliation Prohibited for Reporting Violation of Law.** We submit this letter in good faith and ask for the protection of this section. Please contact us for any further assistance in our request.

Sincerely,

Jose Rubio Jr., President
Harlingen Police Assoc.

Dennis M. Zamarron, Vice-President
Harlingen Police Assoc.

Antonio Sanchez, Treasurer
Harlingen Police Assoc.

Roberto Silva, Secretary
Harlingen Police Assoc.

cc: Chief James Schoepner
Natalie Prim, City Manager
Mayor Connie De La Garza
Harlingen City Commissioners
Sheriff Omar Lucio, Cameron County Sheriff
Yolanda De Leon, Cameron County District Attorney
Jose E Garza, Chief Border Patrol Agent
Rudy Jaramillo, Dept. of Public Safety/Texas Ranger
FBI Resident Agent in Charge—McAllen, Texas Office
Gilbert G Gallegos, Fraternal Order of Police National President
Janet Reno, United States Attorney General
Roberto M. Garcia, Attorney at Law-Harlingen Police Association
Media KRGV/KGBT/Valley Morning Star/San Antonio Express

ClibPDF - www.fastio.com