The court may order Plaintiff to file a reply under Fed.R.Civ.Pr. 7 that states specific facts that defeat the qualified immunity defense raised by Defendants' answer. *Schultea*, 47 F.3d at 1434. This is particularly appropriate because Carlson has already amended once under Rule 15 to meet Defendant Scheopner's objections. Instead of pleading new and more specific facts, she deletes most of the original allegations of how the events affected her or what was her injury.

    B.    Defendant Scheopner Entitled to Qualified Immunity Unless Clearly Established Law Would Have Informed Him His Alleged Actions Were Unconstitutional

Qualified immunity protects an officer from claims under 42 USC § 1983 if a reasonably prudent police officer would not know the actions violated clearly established constitutional law. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). The officer will have qualified immunity if the conduct was objectively reasonable under the existing federal law. *Dunn v. Denk*, 79 F.3d 401, 403 (5th Cir. 1996) (en banc).

Plaintiff's Response on qualified immunity argues the *origins* of the qualified immunity defense. However, the U.S. Supreme Court has set out a clear, two step process to determine whether the complaint can defeat qualified immunity.

Once the defense of qualified immunity is alleged, the trial judge must first determine whether the plaintiff has alleged a constitutional violation at all. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991); *Petta v. Rivera*, 143 F.3d 895, 899 (5th Cir. 1998). The court must then determine whether defendant's actions violated "clearly established"

5

constitutional law at the time of the conduct and whether the defendant's actions were objectively reasonable. *Siegert*, 500 U.S. at 231; *Petta*, 143 F.3d at 899-900.

For constitutional law to be "clearly established," plaintiff must prove more than the broad contours of established rights or broad legal truisms. *Kaiser v. Garrett*, 67 F.3d 1166, 1170 (5th Cir. 1995). The contours of the constitutional right must be defined narrowly enough so that the official would know, given the information known to him at the time of taking action, that his acts violated established constitutional rights in the light of pre-existing law. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 445 (5th Cir. 1998).

To determine what law was "clearly established," the Court should consult U.S. Supreme Court and Fifth Circuit precedent. *Brady v. Ft. Bend County*, 58 F.3d 173, 175-76 (5th Cir. 1995); *Alton v. Hopgood*, 994 F.Supp. 827, 835, n. 5 (S.D.Tex. 1998) *aff'd* 168 F.3d 197 (5th Cir. 1999). If reasonable officials could disagree, the officer has qualified immunity. *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995). If caselaw has not staked out a bright line, qualified immunity almost always protects; public officers have no duty to draw creative analogies from prior cases. *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1150 (5th Cir. 1994).

C. <u>Plaintiff Has Not Alleged a Constitutional Right</u>

The law today stands where it did in July 1998. The Fifth Circuit has declined to recognize a § 1983 claim for failing to protect one citizen from the violent acts of another. *Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998). Though invited to adopt it several times since 1990, it has declined, expressing doubt that

6

such a theory is viable. Assuming *arguendo* the Fifth Circuit does find such a theory is valid, the constitutional law concerning Defendants' alleged conduct was not "clearly established" in July 1998.

Regardless of the label on Plaintiffs' § 1983 theory, Carlson's claimed injury was caused by a private citizen, not a public official. The law concerning § 1983 liability for failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201. The Fifth Circuit has expressed extreme

7

skepticism that the exception will ever be recognized. *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Defendants Harlingen and Scheopner's Motions to Dismiss Under Rule 12(b)(6) are the reasons why the Amended Complaint fails to plead any claim under the Fourteenth Amendment.

    D.    Any Alleged Right Not "Clearly Established" In July 1998

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" exception, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.); *Bridges v. City of Dallas*, 1998 WL 320286, *4 (N.D.Tex., June 8, 1998). Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims. *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997); *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998). Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory. *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex., Sept. 30, 1998) (Kent, J.).

Carlson's Response cites no contrary case from the Fifth Circuit or U.S. Supreme Court. Rather, her Response argues that the "clearly established" law creating the duty came from *state* law, i.e., 28 T.A.C., § 211.104.

8

However, the relevant question is whether *federal* law was clearly established in 1998. *Siegert*, 500 U.S. at 233. Sec. 1983 provides no remedy for violating state laws or regulations. *Wyatt v. Cole*, 994 F.2d 1113, 1117-18, 1121 (5th Cir. 1993), *cert. denied*, 510 U.S. 971 (1993). Therefore, whether Scheopner's conduct complied with or violated state laws is irrelevant to the qualified immunity analysis.

## CONCLUSION

Because Defendant Schoepner asserted qualified immunity against the individual liability claims, Plaintiff is obligated to state facts showing the existence of a violation of the Constitution, that Defendant's conduct violated clearly established constitutional law in July 1998, and his conduct was objectively unreasonable. Plaintiffs' Amended Complaint wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should dismiss under Rule 12(b)(6) if it does not dismiss for improper service.

WHEREFORE, PREMISES CONSIDERED, Defendant, Jim Scheopner, prays the Court grant the relief requested, and any other such further relief to which he may show himself entitled.

Respectfully submitted,

By: _____
TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN and JIM SCHEOPNER

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendant,
JIM SCHEOPNER, In His Individual Capacity

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 17 day of July, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ALICE CARLSON:

Mr. Ronaldo S. Lozano                **Via CMRRR No. 7099 3220 0001 0358 0504**
Attorney at Law
360 East Hwy. 77, Suite 1
San Benito, TX 78586-5214

Mr. Walter Passmore                  **Via Regular Mail**
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766

_____
ROGER W. HUGHES

11