

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 2 5 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ALICE CARLSON,<br>　　　Plaintiff, | )<br>)<br>) |
| v. | ) CIVIL ACTION NO. B-00-071<br>)<br>) |
| CITY OF HARLINGEN, TEXAS,<br>CAMERON COUNTY, TEXAS,<br>R.D. MOORE, AND JIM SCHEOPNER,<br>　　　Defendants. | )<br>)<br>)<br>)<br>) |

### CAMERON COUNTY'S ORIGINAL ANSWER
### AND
### RULE 12(b)(6) PLEA

Cameron County files this plea and answer.

### RULE 12(b)(6) PLEA

Cameron County, "County", pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, make this their Plea to Dismiss for Failure to State A Claim Upon Which Relief Can Be Granted and show the Court:

1.　The Plaintiff has failed to state a cause of action against County for deprivation of rights under the Fourth or Fourteenth Amendments to the United States Constitution actionable under 42 U.S.C., Section 1983.

2.　Plaintiff cannot recover, directly or indirectly form County because the Texas Tort Claims Act does not allow Plaintiff's claims as pled and such claims do not fall within the purview of the Texas Tort Claims Act, V.T.C.A., C.P.& R. Code, Sections 101.001 et. seq.  Plaintiff cannot recover damages from Defendant County because the Texas Tort Claims Act and the laws of the

State of Texas have not waived sovereign immunity for Plaintiff's claims.

3.     Plaintiff cannot recover from County under the Texas Tort Claims Act or Texas common law because County is not liable for intentional torts under the Texas Tort Claims Act or at common law.

4.     Plaintiff cannot recover under the Texas tort Claims Act for the reason there was no notice alleged or given within six months after the incident giving rise to this claim in accordance with V.T.C.A., C.P.& R. Code, Section 101.101, and there has been no actual notice within six months after the incident giving knowledge to Cameron County of (1) an injury suffered by Plaintiff, (2) Cameron County's fault producing or contributing to such injury, if any, or (3) the identity of the parties involved as required by *Cathey v. Booth*, 900 S.W.2d 339 (Tex. 1995).

5.     The principle of respondeat superior or vicarious liability is inapplicable to actions brought against County under 42 U.S.C., Section 1983.

6.     Plaintiff cannot recover punitive or exemplary damages from County under the causes of action alleged in his Petition.

   WHEREFORE, PREMISES CONSIDERED, County prays that the Court dismiss Plaintiff's causes of action against it for Failure to State a Claim Upon Which Relief Can Be Granted, and grant it such other and further relief to which it may be justly entitled.

## ANSWER

   For answer to Plaintiff's First Amended Complaint County states:

7.     Admits that Plaintiff resides in Cameron County; denies the balance of Paragraphs 1, 2, and 5.

8.     Admits that this Court has jurisdiction over civil rights violations; denies that Plaintiff has

stated a cause of action for which this Court has jurisdiction.

9. Paragraph 4 requires no response.

10. County is without knowledge or information sufficient to form a belief as to the truth of Paragraphs 6, 7, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, the second Paragraph 21, 22, 23, 26, 27, 28, 29, 31, 34, 35, 37, 39, 40, 44, 45, 46, and 47.

11. Denies the last full sentence of Paragraph 8, admits the balance of Paragraph 8.

12. Admits Paragraphs 9, 25, and 30.

13. Denies Paragraphs 43, 48 and the Prayer.

14. Admits that there was a double homicide committed in Rio Hondo on July 7, 1998; County is without knowledge or information sufficient to form a belief as to the truth of the balance of Paragraph 24.

15. For answer to Paragraph 33, County incorporates the same responses to the allegations contained in Paragraphs 1 – 32 of the Amended Complaint.

16. For answer to Paragraph 36, County incorporates the same responses to the allegations contained in Paragraphs 1 – 35 of the Amended Complaint.

17. For answer to Paragraph 38, County incorporates the same responses to the allegations contained in Paragraphs 1 – 37 of the Amended Complaint.

18. For answer to Paragraph 42, County incorporates the same responses to the allegations contained in Paragraphs 1 – 41 of the Amended Complaint.

19. Any allegation made within any part of the Plaintiff's Amended Original Petition not otherwise specifically responded to is specifically or generally denied. Defendants still urge and rely on matters alleged without waving any other matter asserted herein further allege as

3

affirmative defenses the following:

20.     The principle of respondeat superior or vicarious liability is inapplicable to actions brought under 42 U.S.C.A. Section 1983 and any allegedly improper actions of individual Defendants or others not named cannot be vicariously attributed to Cameron County, Texas.

21.     The conduct complained of in Plaintiff's Amended Complaint was not the official policy or custom of Cameron County; therefore, Cameron County is immune from liability under 42 U.S.C. Section 1983, et seq.

22.     Plaintiff's rights, privileges, and immunity secured under the Constitution or laws of the United States, have not been violated by any action of County.

23.     Plaintiff cannot recover directly or indirectly from Cameron County because of the Doctrine of Sovereign Immunity.

24.     Plaintiffs cannot recover, directly or indirectly from County because the Texas Tort Claims Act does not allow Plaintiff's claims as pled and such claims do not fall within the purview of the Texas Tort Claims Act, V.T.C.A., C.P.& R. Code, Sections 101.001 et. seq. Plaintiff cannot recover damages from County because the Texas Tort Claims Act and the laws of the State of Texas have not waived sovereign immunity for Plaintiff's claims.

25.     In the alternative, should it be determined that sovereign immunity does not apply to Plaintiff's claims, County would invoke all the defenses under the Texas Tort Claims Act, including but not limited to, the statutory limit on damages, individual immunities, and the bar against exemplary damages.

26.     Plaintiff cannot recover under the Texas Tort Claims Act from Defendants as individuals because these Defendants, at all material times, were acting in their official capacity, in good faith,

4

and exercising a discretionary duty. County is not liable to Plaintiff under the state claims because the individual county defendants are entitled to qualified immunity.

27. Plaintiff cannot recover punitive damages against Cameron County, Texas, under any cause of action alleged in Plaintiff's Amended Complaint

28. In the alternative County, is not liable for intentional torts under the Texas Tort Claims Act or at Texas common law.

29. Plaintiff cannot recover under the Texas Tort Claims Act for the reason there was no notice alleged or given within six months after the incident giving rise to this claim in accordance with V.T.C.A., C.P.& R. Code, Section 101.101, and there has been no actual notice within six months after the incident giving knowledge to Cameron County of (1) an injury suffered by Plaintiff, (2) Cameron County's fault producing or contributing to such injury, if any, or (3) the identity of the parties involved as required by *Cathey v. Booth,* 900 S.W.2d 339 (Tex. 1995).

WHEREFORE, PREMISES CONSIDERED, County prays that on final trial, that Plaintiff take nothing by her suit and that County recover all cost incurred herein and have such other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586

S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Plea and Answer has been mailed to the following on this 28th day of August, 2000, by certified mail return receipt requested:

Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551

Ronaldo S. Lozano
360 East Hwy, 77, Suite 1
San Benito, Texas 78586-5214

Walter Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, Texas 78502-3766

_____
Richard O. Burst

6