IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ALICE CARLSON, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. B-00-071 |
| v. ) | |
| ) | |
| CITY OF HARLINGEN, TEXAS, ) | |
| CAMERON COUNTY, TEXAS, ) | |
| R.D. MOORE, AND JIM SCHEOPNER, ) | |
| Defendants. ) | |

## CAMERON COUNTY'S MEMORANDUM SUPPORTING RULE 12(b)6) PLEA

**(1.) Statement of the Nature Of the Case**

Plaintiff alleges that Cameron County violated the Texas Tort Claims Act (Paragraph 43 of the Amended Complaint) because its sheriff's deputies, among others, prevented Plaintiff from leaving her mobile home (Paragraph 23 & 43(H) of the Amended Complaint), while attempting to search for a double homicide suspect on the adjacent property (Paragraph 28 of the Amended Complaint).

Paragraph 9 alleges that County is a political subdivision that can be served by serving the County Judge.

Paragraph 23 alleges that: "Several law enforcement officers including those from the Cameron County Sheriff's department prevented her [Plaintiff's] egress at the time." (Emphasis added.) It also alleges that Plaintiff was in her mobile home adjacent to the Moore residence at the time of the shooting.

Paragraph 28 alleges that Cameron County Deputies, along with border patrol agents

1

approached the Moore residence in an attempt to search for the double homicide suspect Ernest Moore.

The only other factual allegation concerning County appears in Paragraph 43(H): "County personnel assisted in preventing egress to plaintiff."

Plaintiff makes no Section 1983 claim that County deprived her of a constitutional right, and makes no averment that would support such a claim.

The only claim against County appears in Section VII of the complaint, "Pendant Claims Under Texas Law". The words "...and Cameron County..." are added after the City of Harlingen. Thereafter, except for subparagraph "H" quoted above, the claim appears to be based on alleged negligent acts of the City of Harlingen through its Police Chief or its Detective Moore in their handling of the AR-15 assault rifle.

### (2.) Statement of the Stage of the Proceeding

The City of Harlingen and Jim Schoepner have filed Motions to Dismiss. Cameron County has answered and pled that Plaintiff has failed to state a claim against it.

### (3.) Statement of the Issues to be Ruled upon by the Court

### (3.1) Rule 12(b)(6) Standard:

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiff, drawing all reasonable inferences in favor of the pleader. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996). However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge.

2

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

### (3.2) Notice – Texas Tort Claims Act:

Plaintiff cannot recover under the Tort Claims Act for the reason there was no notice alleged or given within six months after the incident giving rise to this claim in accordance with V.T.C.A., C.P.& R. Code, Section 101.101, and there has been no actual notice within six months after the incident giving knowledge to Cameron County of (1) an injury suffered by Plaintiff, (2) Cameron County's fault producing or contributing to such injury, if any, or (3) the identity of the parties involved as required by *Cathey v. Booth,* 900 S.W.2d 339 (Tex. 1995).

### (3.3) State Causes of Action – Intentional Torts – Respondeat Superior:

Plaintiff cannot recover, directly or indirectly from Cameron County because the Texas Tort Claims Act does not allow Plaintiff's claims as pled and such claims do not fall within the purview of the Texas Tort Claims Act, V.T.C.A., C.P.& R. Code, Sections 101.001 et. seq. Plaintiff cannot recover damages from Defendant County because the Texas Tort Claims Act and the laws of the State of Texas have not waived sovereign immunity for Plaintiff's claims.

The principle of respondeat superior or vicarious liability is inapplicable to actions brought against Cameron County unless sovereign immunity has been waived by the Texas Tort Claims Act, and any allegedly improper actions of individual Defendants or others not named cannot be vicariously attributed to Cameron County, Texas.

. Plaintiff cannot recover from Cameron County under the Texas Tort Claims Act or Texas common law because County is not liable for intentional torts under the Texas Tort Claims Act or at common law. V.T.C.A., C.P.&R. Code, Section 101.057(2); *Callis v. Sellars,* 953 F.Supp. 793, 800 (S.D.Tex. 1996): and *Wicker v. City of Galveston,* 944 F.Supp. 553, 558 (S.D.Tex.

3

1996). If denying Plaintiff egress from her mobile home can be considered a tort under the facts alleged in Plaintiff's Amended Complaint, denying egress would be an intentional act. For this reason County has no liability to Plaintiff under the Texas Tort Claims Act.

### (3.4) Punitive Damages:

Plaintiff cannot recover punitive or exemplary damages from County under the causes of action alleged in his Petition. State causes of action see, V.T.C.A., C.P.&R. Code, Section 101.024; federal causes of action see, *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

### (3.5) Section 1983 – No Respondeat Superior or Vicarious Liability:

"It is well established that in a Section 1983 action, liability may not be imposed on a government entity on a theory or respondeat superior for the actions of nonpolicymaking government employees. *Monell v. Department of Social Services of New York*, 436 U.S. 658, 690-94, 98 S.Ct. 2018, 2035-37, 56 L.Ed.2d 611 (1978).

Plaintiff has made no federal claim against County under Section 1983 (see, Section VII of the Amended Complaint). But, even if Plaintiff had made a federal claim against County, there is no allegation in the Amended Complaint that supports a county constitutional tort.

First, there is no averment that rises to the level of a constitutional injury suffered at the hands of individual county deputies. See, *Saenz v. Heldenfels Brothers, Inc.*, 183 F.3d 389, 392 (5th Cir. 1999).

Second, there is no county custom or policy implicated. See, *City of Canton v. Harris*, 489 US 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412, 1989)

.

4

## (4.) Conclusion

Cameron County is asking this Court to grant its Rule 12(b)(6) Plea, dismiss all claims against it with prejudice, and for such other relief which it may show itself entitled.

Respectfully submitted,

Commissioners Court
Civil Legal Department
964 East Harrison Street
Brownsville, Texas 78578
(956) 550 1345
(956) 550 1348 (Facsimile)

BY: _____
Richard O. Burst
Attorney In Charge
Texas State Bar #00785586
S.D. No. 15515

Dylbia L. Jefferies
Of Counsel
Texas State Bar #00786515
S.D. No. 17065

## CERTIFICATE OF SERVICE

I, Richard O. Burst do hereby certify that a true and correct copy of the foregoing Memorandum has been mailed to the following on this 29th day of August, 2000, by certified mail return receipt requested:

Tom Lockhart
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551

Ronaldo S. Lozano
360 East Hwy, 77, Suite 1
San Benito, Texas 78586-5214

Walter Passmore

ClibPDF - www.fastio.com

PASSMORE, WALKER & TWENHAFEL, L.L.P.
P.O. Drawer 3766
McAllen, Texas 78502-3766

_____
Richard O. Burst

6

ClibPDF - www.fastio.com