United States District Court
Southern District of Texas
FILED

SEP 5  2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALICE CARLSON | { | |
| | { | CIVIL ACTION NO. B-00-071 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

COME NOW **Alice Carlson, Plaintiff, and Defendants, City of Harlingen and Cameron County**, in the above referenced action, filing their Joint Discovery/Case Management Plan, as required by the Cost and Delay Reduction Plan in the Civil Justice Reform Act of 1990 adopted by the Court on October 24, 1991.

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

**ANSWER:** A conference was held on Sept 1, 2000, between attorneys of record, Ronald Lozano and Roger W. Hughes; attorneys of record Walter Passmore, and Richard Burst attended by telephone.

---

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**ANSWER:** Salinas, et al v. Harlingen, et al
Cause No. 98-162

Morin, et al v. Harlingen, et al
Cause No. 00-104

Morin, et al v. Harlingen, et al
Cause No. 00-105

3. Briefly describe what this case is about.

Plaintiff contends that the event occurred due to a "war zone" climate created by the Defendants resulting in injuries to the Plaintiff based on constitutional rights.

Defendants contend that that they are not liable under federal or state law for the reasons set out in their various motions to dismiss the Amended Complaint.

4. Specify the allegation of federal jurisdiction.

**ANSWER:** 42 U.S.C. § 1983; 42 U.S.C. § 1988; 28 U.S.C. § 1343(a)(3); 28 U.S.C. § 1331 and 1367(a).

5. Name the parties who disagree and the reasons.

**ANSWER:** Not applicable.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**ANSWER:** Carlson has named R.D. Moore as a party, but has not served him. Defendant Jim Scheopner claims he has not been properly served.

7. List anticipated interventions.

**ANSWER:** None.

8. Describe class-action issues.

**ANSWER:** None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**ANSWER:** Plaintiff agrees to make his initial disclosures within 20 days of the Court's ruling on pending motions to dismiss under Rule 12(b). Further, Plaintiff requests that Defendants also make their initial disclosures within 20 days of the Court's ruling. However, in the event Defendants do not agree to make their disclosure within 20 days of the Court's ruling, Plaintiff will make disclosures at the same time Defendants do.

Defendant Scheopner proposes he should not make disclosures until he is properly served and his Motion to Dismiss Based on Qualified Immunity is decided.

Defendant Cameron County proposes making its initial disclosures within twenty (20) days after final resolution of it Rule 12(b)(6) Plea.

Defendant Harlingen proposes making its initial disclosures within twenty (20) days after final resolution of Defendants' Rule 12(b)(6) Motions.

10. Describe the proposed agreed discovery plan, including:

    A.    Responses to all the matters raised in Rule 26(f).

    B.    When and to whom the plaintiff anticipates it may send interrogatories.

    C.    When and to whom the defendant anticipates it may send interrogatories.

    D.    Of whom and by when the plaintiff anticipates taking oral depositions.

    E.    Of whom and by when the defendant anticipates taking oral depositions.

    F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

H.  List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

**ANSWER:** A. - H.  Because Moore has not been served and the pending Rule 12(b) Motions affect the issue, timing and scope of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**ANSWER:** Because Moore has not been served and the pending Rule 12(b) Motions affect the issues, timing and scope of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**ANSWER:** None.

13. State the date the planned discovery can reasonably be completed.

**ANSWER:** Because Moore has not been served and the pending Rule 12(b) Motions affect the issues, timing and scope of discovery, the parties respectfully request leave to file a Discovery Plan after final resolution of Defendants' Rule 12(b)(6) Motions.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**ANSWER:** The parties will consider mediation efforts, if appropriate.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**ANSWER:** No discussion has taken place. The parties will discuss mediation efforts, if necessary, after final resolution of the Rule 12(b) Motions.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

**ANSWER:** The parties will consider mediation efforts, if necessary, after final resolution of the Rule 12(b) Motions.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**ANSWER:** At this time the parties have not decided whether they can agree to a trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

**ANSWER:** Yes and made timely.

19. Specify the number of hours it will take to present the evidence in this case.

**ANSWER:** If § 1983 claims are prosecuted against Defendants then the parties anticipate 10 days of evidence.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**ANSWER:**  1.   Defendants Harlingen and Scheopner's Motion to Dismiss First Amended Complaint Under FRCP 12(b)(5), and 12(b)(6);

   2.   Individual Defendant's Motion to Dismiss First Amended Complaint Under FRCP 12(b)(6) Based on Qualified Immunity;

   3.   Cameron County's Rule 12(b)(6) Plead and Memorandum; and

4. Carlson's request for consolidation with Civil Action 98-162 contained in her pleading styled 'Scheopner Is Not Entitled to Qualified Immunity."

Defendants contend that Carlson's request for consolidation was not prominent in the pleading and they were not aware of the request until Carlson's counsel brought it up during the Rule 26(f) conference. Defendants oppose consolidation and will submit a response shortly that opposes it.

21. List other motions pending.

**ANSWER:** None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**ANSWER:** None.

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ANSWER:**

Attorney of record for Plaintiff, ALICE CARLSON:

    Mr. Ronaldo Lozano
    State Bar No. 12648010
    Fed. ID No. 14048
    Attorney at Law
    360 E. Hwy. 77, Suite 1
    San Benito, TX 78586-5214
    Phone (956) 399-9663
    Fax   (956) 399-8285

Attorneys of record for Defendants, CITY OF HARLINGEN and JIM SCHEOPNER:

    Tom Lockhart
    State Bar No. 12473500
    Fed. ID No. 2257
    Roger W. Hughes
    State Bar No. 10229500
    Fed. I.D. No. 5950
    ADAMS & GRAHAM, L.L.P.
    P. O. Drawer 1429
    Harlingen, TX 78551-1429
    Phone (956) 428-7495
    Fax   (956) 428-2954

Attorneys of record for Defendant, JIM SCHEOPNER, In His Individual Capacity:

    Walter Passmore
    State Bar No. 15560400
    Fed. ID No. 2264
    PASSMORE, WALKER & TWENHAFEL, L.L.P.
    P. O. Drawer 3766
    McAllen, TX 78502-3766
    Phone (956) 687-6225
    FAX   (956) 686-1276

Attorneys of record for Defendant CAMERON COUNTY:

Mr. Richard O. Burst
State Bar No. 00785586
Fed. ID No. 15515
Commissioners Court, Legal Division
964 E. Harrison
Brownsville, TX 78520
Phone (956) 550-1345
Fax   (956) 550-1348

                              Respectfully Submitted,

                              ADAMS & GRAHAM, L.L.P.
                              P. O. Drawer 1429
                              Harlingen, TX 78551-1429
                              956/428-7495; FAX: 956/428-2954
                              RHughes@adamsgraham.com

By: _____
                              Tom Lockhart
                              State Bar No. 12473500
                              Fed. I.D. No. 2257
                              Roger W. Hughes
                              State Bar No. 10229500
                              Fed. I.D. No. 5950

                              Attorneys for Defendants,
                              CITY OF HARLINGEN AND JIM SCHEOPNER, Individually and in His Official Capacity

PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766
Phone (956) 687-6225
FAX   (956) 686-1276

By: _Roger Hughes By Permission_
Walter Passmore
State Bar No. 15560400
Fed. ID No. 2264

Attorneys for Defendant, JIM SCHEOPNER,
In His Individual Capacity


RONALD LOZANO
ATTORNEY AT LAW
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
Phone (956) 399-9663
Fax   (956) 399-8285

By: _Ron Lozano_
Ron Lozano
State Bar No. 12648010
Fed. I.D. No. 14048

Attorney for Plaintiff,
ALICE CARLSON

COMMISSIONERS COURT
CIVIL LEGAL DEPARTMENT
964 E. Harrison
Brownsville, TX 78520
Phone (956) 550-1345
Fax   (956) 550-1348

By: _____ By Permission
Richard O. Burst
State Bar No. 00785586
Fed. ID No. 15515

Attorneys for Defendant,
CAMERON COUNTY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 5 day of September, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ALICE CARLSON:

Mr. Ron Lozano                    CMRRR No. 7099 3400 0014 6896 6532
ATTORNEY AT LAW
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214

Attorneys of record for Defendant, JIM SCHEOPNER, In His Individual Capacity:

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766

Attorneys of record for Defendant, CAMERON COUNTY:

Mr. Richard O. Burst
Commissioners Court
Civil Legal Department
964 E. Harrison
Brownsville, TX 78520

_____
ROGER W. HUGHES