27

United States District Court
Southern District of Texas
FILED

SEP 0 7 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALICE CARLSON | § | |
| | § | CIVIL ACTION NO. B-00-071 |
| V. | § | |
| | § | **(ORAL HEARING IS REQUESTED)** |
| CITY OF HARLINGEN, ET AL | § | |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR CONSOLIDATION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **CITY OF HARLINGEN** ("Harlingen"), **JIM SCHEOPNER** ("Scheopner"), and **R.D. MOORE** ("Moore") and file this their **DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR CONSOLIDATION** and would show the Court as follows:

**I.**

Plaintiff filed a document styled "Defendant Scheopner Is Not Entitled To Qualified Immunity." Its prayer contains a request to consolidate this case with Civil Action No. 98-162. Because this pleading was a response and its title did not clearly indicate it contained a motion to consolidate, Defendants did not understand that it was motion for consolidation. For that reason, they did not file a response.

They were unaware of the request for consolidation until Carlson's counsel brought it to their attention during the Rule 26(f) Conference on September 1, 2000. For that reason, they submit this response opposing consolidation and ask the Court to consider it, rather than treat Carlson's request as an unopposed.

ADAMS & GRAHAM, L L P
DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR CONSOLIDATION
[18-rb], C \FILES\H-1023\GENERAL\MOTIONS\CONSOLIDATION RSP

Page 1

II.

Carlson's request for consolidation should be denied because it does not comply with the Local Rules.

First, the caption does not comply with Loc.R. 10.1, which requires the caption have a statement of its character. Second, it does not comply with Loc.R. 7.1(D) where it does not have a Certificate of Conference.

Third, it does not comply with Loc.R. 7.6 concerning a Motion for Consolidation. It does not contain both case numbers and the full styles. Moreover, it was not filed in the oldest case, i.e., Civil Action No. 98-162.

III.

On its merits, Carlson's request to consolidate should be rejected.

Under Fed.R.Civ.P. 42(a), a Motion for Consolidation may be granted if the two cases involved common questions of law or fact, and the consolidation would avoid unnecessary cost or delay. *St. Bernard General Hospital, Inc. v. Hospital Services Association of New Orleans, Inc.*, 712 F.2d 978, 989-980 (5th Cir. 1983), *cert. denied*, 466 U.S. 990 (1984); *Dillard v. Merrill, Lynch, Pierce, Fenner, & Smith*, 961 F.2d 1148, 1161 (5th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). Whether to grant or deny the motion is purely discretionary with the trial court. *Dillard*, 961 F.2d at 1161; *St. Bernard General Hospital*, 712 F.2d at 989-90.

The Court may deny the motion based on prejudice to the opposing parties. *St. Bernard General Hospital*, 712 F.2d at 990. It is also proper to deny if the two cases are in different

IV.

The cases are in different stages of preparation. In Civil Action No. 98-162, the parties have undertaken substantial discovery. Defendant Harlingen has filed also a Motion for Summary Judgment which, if granted, would dispose of the entire case. Consolidation would prevent the prompt disposition of Civil Action No. 98-162. Moreover, it would increase the expense of that case if Carlson requests to redepose witnesses already deposed.

Moreover, there would be substantial prejudice to all Defendants. In Civil Action No. 98-162, Defendants, Moore and Scheopner prevailed against the federal claims on qualified immunity and have been dismissed on the remaining claims. This would reinject them back into that case; moreover, it would lead to confusion for the jury would not understand that the Plaintiffs in Civil Action No. 98-162 do not seek relief against Scheopner and Moore individually.

Harlingen would be prejudiced by the confusion of the issues. This case focuses on what occurred at Carlson's house; Civil Action No. 98-162 focuses on the events at the Moore residence. The jury may have difficulty keeping the events and issues straight.

V.

It is highly questionable whether there are sufficient common facts that will make trying both cases together economical. Ms. Carlson was not present at the Moore residence at the time of the shooting. Moreover, she is attacking the actions of many Cameron County Deputies who were present at the Moore residence. Her claim does not require the jury to decide how the events at the Moore residence precisely started or ended. Therefore, the extensive testimony about the actions of the Cameron County Sheriff's Deputies and Border Patrol Agents at the Moore residence are not pertinent to her case.

Moreover, there is an extreme danger of confusion. The jurors deciding Civil Action No. 98-162 could be sidetracked by issues over how Cameron County Sheriff's Deputies decided to secure the neighborhood while they searched for Ernest Moore.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, City of Harlingen, Jim Scheopner and R.D. Moore pray that request for consolidation be denied.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954
Attorneys for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHEOPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276

Attorneys for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this __7th__ day of September, 2000, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiff, ALICE CARLSON:

Mr. Ronaldo S. Lozano      <u>CM RRR 7099 3400 0014 6896 6471</u>
Attorney at Law
360 East Hwy. 77, Suite 1
San Benito, TX 78586-5214


Attorneys of record for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities:

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766


Attorneys of record for Defendant, CAMERON COUNTY:

Mr. Richard O. Burst
Commissioners Court
Civil Legal Department
964 E. Harrison
Brownsville, TX 78520



ROGER W. HUGHES

---

ADAMS & GRAHAM, L L P
DEFENDANTS' RESPONSE TO PLAINTIFFS' REQUEST FOR CONSOLIDATION
[18-rb], C:\FILES\H-1023\GENERAL\MOTIONS\CONSOLIDATION RSP      Page 5