28

United States District Court
Southern District of Texas
FILED

SEP 0 7 2000

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

ALICE CARLSON                    {
                                 {           CIVIL ACTION NO. B-00-071
V.                               {
                                 {    **(ORAL HEARING IS REQUESTED)**
CITY OF HARLINGEN, EL AL         {


### DEFENDANT R.D. MOORE'S MOTION TO DISMISS PLAINTIFF'S FIRST
### AMENDED COMPLAINT UNDER FRCP 12(b)(6)


TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE and
JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual
Capacities

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . .   iv

I.  Statement of Nature and Stage of the Proceedings . . . . . . . . . . . . . . .   1

II.  Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

III.  Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

    A.  Plaintiff's Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

IV.  Amended Complaint Fails to State Claims Under 4th and 14th Amendments . .   4

    A.  Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . .   4

    B.  No Fourth Amendment Claim Absent
       A "Seizure" by Government Officers . . . . . . . . . . . . . . . . . . .   4

    C.  Supreme Court and Fifth Circuit Have Not
       Extended Due Process to Require Defendants
       Prevent Harm By A Private Citizen . . . . . . . . . . . . . . . . . . .   6

    D.  Amended Complaint Fails to State Facts Showing Defendant
       Put Plaintiff Carlson In A Dangerous Environment
       and Stripped Him of the Ability to Defend Herself . . . . . . . . . . .   7

        1.  "State Created" Danger Exception Does Not Extend to
           Persons Who Were Not the Victims of the Crime and
           Suffer Only Emotional Distress . . . . . . . . . . . . . . . . . . .   8

        2.  Defendant Moore Did Not Force Plaintiff in Harm's Way
           While Impairing Her Ability to Protect Himself . . . . . . . . .   9

        3.  Defendant Did Not Create A Risk Of
           Third Party Crime That Did Not Already Exist . . . . . . . . . .   10

4.      Defendant Did Not Know Of Any
Immediate Danger Facing A Known Victim . . . . . . . . . . . . 11

V.   <u>State Law Claims</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

iii

# INDEX OF AUTHORITIES

<u>Cites:</u>                                                                           <u>Page</u>

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Balistreri v. Pacifica Police Dept.*,
    901 F.2d 696 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Brower v. Inyo*, 489 U.S. 593 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Callis v. Sellars*, 931 F.Supp. 504 (S.D.Tex. 1996) . . . . . . . . . . . . . . . . . . . . . 9

*Clifford v. Turk*, 2000 WL 249492, *4
    (D. Ore. Feb. 22, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*County of Sacramento v. Lewis*, 523 U.S. 833,
    118 S.Ct. 1708, 1716 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*DeShaney v. Winnebago County Dept. of Soc. Serv.*,
    489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) . . . . . . . . . . . 1, 2, 6, 7

*Doe v. Hillsboro ISD*, 113 F.3d 1412 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 7, 8

*Estate of Brown v. Barian*, 43 F.Supp.2d 1008 (E.D.Wisc. 1999) . . . . . . . . . . . . . 11

*Golden Spread Council, Inc. v. Akins*,
    926 S.W.2d 287 (Tex. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Graham v. Connor*, 490 U.S. 396 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Greater Houston Transp. Co. v. Phillips*,
    801 S.W.2d 523 (Tex. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Guidry v. Bank of LaPlace*, 954 F.2d 278 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . 4

*Johnson v. Dallas ISD*, 38 F.3d 198
    (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995) . . . . . . . . . . . . 7, 8, 10

CitePDF - www.fesita.com

*Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1997) . . . . . . . . . . . . . . . 8

*Kennedy v. Baird*, 682 S.W.2d 377
(Tex. App.- El Paso 1984, no writ) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Landol-Rivera v. Cruz*, 906 F.2d 791 (1st Cir. 1990) . . . . . . . . . . . . . . . . . . . . . 5

*Lefall v. Dallas ISD*, 28 F.3d 521 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . 7, 10

*Losinski v. City of Trempealeau*,
946 F.2d 544 (7th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Mark v. Borough of Hatboro*, 51 F.3d 1137 (3rd Cir. 1995), *cert denied*,
516 U.S. 858 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521 (5th Cir. 1996) . . . . . . 4

*Medeiros v. O'Connell*, 150 F.3d 164 (2nd Cir. 1998) . . . . . . . . . . . . . . . . . . . . 6

*Osborne v. Brown*, 2000 WL 764928, *10
(E.D. Pa. June 13, 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Petta v. Rivera*, 143 F.3d 895 (5th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Randolph v. Cervantes*, 130 F.3d 727 (5th Cir. 1997)
*cert. denied* 525 U.S. 822 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7-10

*Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389 (5th Cir. 1999) . . . . . . . . . . 8, 11, 12

*Sanchez v. Figueroa*, 996 F.Supp. 143 (D.C.Puerto Rico 1998) . . . . . . . . . . . . . . . 6

*Schaefer v. Goch*, 153 F.3d 793 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . 5

*Standard Fruit & Veg. Co. v. Johnson*,
985 S.W.2d 62 (Tex. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Statutes:

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

CMPDF - www.fenrir.com

Texas Civil Practices & Remedies Code:

Chap. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Federal Rules of Civil Procedure:

Rule 12(b)(6)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4

United States Constitution:

14th Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4-6
Fourth Amendment  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

CVISPDF - www.fastio.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ALICE CARLSON                         {
                                      {          CIVIL ACTION NO. B-00-071
V.                                    {
                                      {      **(ORAL HEARING IS REQUESTED)**
CITY OF HARLINGEN, ET AL              {

## DEFENDANT R.D. MOORE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant **R.D. MOORE** ("Moore"), and files this his **MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FRCP 12(b)(6)** and would show the Court as follows:

### I.  Statement of Nature and Stage of the Proceedings

Plaintiff Carlson sues for emotional distress under the (1) Texas Tort Claims Act (Tex. Civ. Prac. & Rem. Code, Chap. 101) and (2) 42 USC § 1983.  Mrs. Carlson allegedly suffered fright when a private citizen, Ernest Moore, shot a Border Patrol agent.

Defendant Moore moves to dismiss all claims under Fed.R.Civ.P. 12(b)(6).

### II.  Statement of the Issues

1.     Whether the Complaint pleads any exception to the holding in *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249

1

(1989), that the 14th Amendment's Due Process Clause does not impose a duty on public officials to prevent a third party from injuring Plaintiff.

2.      Whether an exception exists to *DeShaney* for a risk of harm of criminal violence by a private citizen allegedly created by the Defendant Moore if (1) he did not force Carlson to encounter the danger, (2) he did not remove her ability to protect herself or escape the risk, (3) Carlson was not the victim of the third party's crime, or (4) Carlson's injury is fright from a crime committed on another person.

3.      Whether Defendant Moore had a duty under state law to safeguard City property in order to prevent a third party from taking it and negligently using it in a manner that causes emotional distress.

4.      Whether Carlson has alleged facts showing the state tort of intentional infliction of emotional distress.

### III.  Background

A.      Plaintiff's Allegations

Carlson alleges former police chief Scheopner approved the issuance of an AR-15 rifle to Harlingen Police Dept. Defendant Moore. Amended Complaint, ¶ 14. She alleges Defendant Moore was not proficient in the use and firing of the weapon and his duties did not require him to have such a rifle.  Amended Complaint, ¶ 15.  The Amended Complaint, ¶¶ 18, 34(A), alleges that Defendant Moore promised to keep the weapon in his car trunk, and was not trained in the proper, safe storage of weapons.

2

The Amended Complaint, ¶¶ 19 and 21, allege Defendant Moore, in fact, stored the rifle in a rifle safe in the bedroom of his son, Ernest Moore.   Carlson alleges that Ernest Moore was unstable, taking anti-depressants, and a former cocaine user.   Amended Complaint, ¶ 20.   She alleges that, because the rifle safe was in Ernest's bedroom and he had a key to it, he had "access" to the rifle.   Amended Complaint, ¶¶ 19, 21.

The Amended Complaint, ¶ 25, alleges that, on July 7, 1998, Ernest Moore was the suspect to a double homicide in Rio Hondo, Texas.   As a result, the Sheriff's deputies began a manhunt for Ernest Moore at the Moores' residence.   Amended Complaint, ¶¶ 25-26.

Carlson lived in a mobile home on the lot adjacent to the Moore property. Amended Complaint, ¶ 23.   The Cameron County Sheriff's officers ordered her to stay on her property.   Amended Complaint, ¶ 23.

Carlson alleges that Agent Ricardo Salinas was walking away from the house, when Ernest Moore stepped out of a nearby corn field and shot Agent Salinas.   Amended Complaint, ¶¶ 28-30.   Plaintiff does not allege how Ernest Moore's firing upon Agent Salinas caused her injury or how she has any interest in the death of Agent Salinas. Although the Amended Complaint, ¶ 1, alleges that she was subjected to use of deadly force, there is no claim that Ernest Moore shot at her.   In fact, she impleads that she was inside her house some distance away.

The Amended Complaint does not state how she was injured.   The Original Complaint was quite clear that she suffered only emotional distress and resulting physical

3

manifestations of emotional distress.  Curiously, the Amended Complaint deletes any reference to or description of her injuries.  However, her Response to Defendants' Motions to Dismiss, ¶ II, admits that her injuries were the ". . . infliction of emotional distress with physical manifestation."

The Amended Complaint claims that Defendants allegedly took liberty or property in violation of the Fourth Amendment made applicable through the U.S. Constitution, 14th Amend.  Amended Complaint, ¶¶ 1, 39.

IV.  Amended Complaint Fails to State Claims Under 4th and 14th Amendments

A.  Standard of Review

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiffs, drawing all reasonable inferences in favor of the pleader.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Dismissal under Rule 12(b)(6) is correct when it appears that no relief can be granted under any set of facts that could be proven consistent with the allegations.  *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).  However, the Complaint must state facts, not conclusions, to survive a Rule 12(b)(6) challenge.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).

B.  No Fourth Amendment Claim Absent
A "Seizure" by Government Officers

42 USC § 1983 is not itself a source of substantive rights.  *Graham v. Connor*, 490 U.S. 396, 393 (1989).  The first inquiry is to isolate the precise provision of the federal

4

Constitution that is allegedly infringed. *Graham*, 490 U.S. at 394. The Fourth

Amendment applies when the alleged use of excessive force arises from a search or

seizure of the person. *Graham*, 490 U.S. at 394; *County of Sacramento v. Lewis*, 523

U.S. 833, 118 S.Ct. 1708, 1716 (1998). A "seizure" occurs only when government agents

deliberately cause the termination of an individual's freedom through means intentionally

applied to that individual. *Lewis, Id.* at 115; *Brower v. Inyo*, 489 U.S. 593, 596-597

(1989). If the Complaint does not show a "seizure" under the Fourth Amendment, then

an "excessive force" claim can be sustained only under a 14th Amendment "Substantive

Due Process" analysis. *Lewis*, 118 S.Ct. at 1715-1716; *Petta v. Rivera*, 143 F.3d 895,

910-911 (5th Cir. 1998).

In *Lewis*, the Supreme Court made it clear that a Fourth Amendment "seizure"

occurred only when the government caused an intended termination of freedom of

movement through means intentionally applied to that individual. 118 S.Ct. at 1715

(instigating chase of motorcycle on which plaintiff was a passenger was not a Fourth

Amendment "seizure"). Consequently, unintended injuries to bystanders or hostages

during an arrest are not a "seizure" under the Fourth Amendment. *Lewis*, 118 S.Ct. at

1715; *Landol-Rivera v. Cruz*, 906 F.2d 791, 795-96 (1st Cir. 1990) (police officer who

inadvertently shot hostages while aiming to hit kidnapper did not "seize" hostage for

Fourth Amendment purposes); *Schaefer v. Goch*, 153 F.3d 793, 796 (7th Cir. 1998)

(accidental shooting of wife held hostage by husband was not a "seizure" under Fourth

Amendment, even though police officers had surrounded their house and instructed wife

to "get down").  Likewise, there is no Fourth Amendment claim when the force is not directed deliberately at the plaintiff.  *Petta*, 143 F.3d at 901; *Medeiros v. O'Connell*, 150 F.3d 164, 168 (2nd Cir. 1998); *Sanchez v. Figueroa*, 996 F.Supp. 143, 1476 (D.C.Puerto Rico 1998).

Here, Carlson has no Fourth Amendment claim against Moore, because the Amended Complaint does not allege he "seized" her.  First, she affirmatively alleges it was the County's agents who told her to remain in her house.  Second, unintended injuries to bystanders do not constitute a "seizure" under the Fourth Amendment.  *Lewis,* 118 S.Ct. at 1715.  There is no "seizure" when the defendant does not deliberately direct any force at the plaintiff.  *Petta*, 143 F.3d at 901;  *Medeiros*, 150 F.3d at 168.

C.    Supreme Court and Fifth Circuit Have Not
      Extended Due Process to Require Defendants
      Prevent Harm By A Private Citizen

Carlson's Responses to the other defendants' motions to dismiss makes it clear that she is relying solely upon the "state created danger" exception.  Neither the U.S. Supreme Court nor the Fifth Circuit has recognized this as a valid exception to *DeShaney*; the Supreme Court has strongly indicated it will not recognize the exception.  Even if the exception became law later, Carlson's claim does not fit within it.

In *DeShaney*, the Supreme Court plainly stated that the 14th Amendment's Due Process Clause was triggered only by affirmative government action and put no duty on government officials to act to prevent a third party from harming the claimant.  489 U.S. at 196-197, 109 S.Ct. at 1004.  The court neither approved nor disapproved of a rule

imposing liability if the State created the risk of harm to which it forced the claimant to suffer, i.e., an exception for "stated-created" danger. *Id.*

Though often asked to do so, the Fifth Circuit has consistently declined to adopt the "state-created danger" rule. *Randolph v. Cervantes*, 130 F.3d 727, 731 (5th Cir. 1997), *cert. denied,* 525 U.S. 822 (1998); *Doe v. Hillsboro ISD*, 113 F.3d 1412, 1415 (5th Cir. 1997) (en banc); *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied,* 514 U.S. 1017 (1995). The Fifth Circuit has cast doubt on whether it is a viable exception to *DeShaney*. *Lefall v. Dallas ISD*, 28 F.3d 521, 530 (5th Cir. 1994). The Supreme Court stated that the rationale for any exception is that the state exercises its authority to restrain the individual's liberty so as to render him unable to protect himself. *DeShaney*, 489 U.S. at 200. In *Johnson*, the Court questioned whether it could ever meet the "demanding standard for constitutional liability." 38 F.3d at 201.

D.   Amended Complaint Fails to State Facts Showing Defendant
     Put Plaintiff Carlson In A Dangerous Environment
     and Stripped Him of the Ability to Defend Herself

Though the Fifth Circuit has declined to adopt the "state-created danger" rule, it has described its elements as:

1.   The government officials must create the dangerous situation;

2.   They must know the situation is dangerous;

3.   The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and

4.   They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his ability for self defense.

7

*Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201. The officials' actions must place the plaintiff at a specific risk, as opposed to a risk that affects only the public generally. *Kallstrom v. City of Columbus*, 136 F.3d 1055, 1066 (6th Cir. 1997); *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1153 (3rd Cir. 1995), *cert denied*, 516 U.S. 858 (1995). The official must have actual knowledge that the risk of harm exists. *Doe*, 113 F.3d at 1415.

1. "State Created" Danger Exception Does Not Extend to Persons Who Were Not the Victims of the Crime and Suffer Only Emotional Distress

Carlson does not allege that Ernest Moore shot her, shot at her, attempted to shoot her, or assaulted her in any way. She does not allege facts indicating that she could be considered the victim of any crime he committed. The only crime she describes is Ernest Moore shooting the Border Patrol Agents. It appears that she is somehow 'piggy-backing' onto their deaths, i.e., that if she lived on the same country road where they were shot her emotional distress somehow resulted from the same force that killed them.

The gist of Carlson's claim is that, because someone else was shot, she suffered emotional distress. Virtually every case that has recognized or discussed the "state created" danger exception to *DeShaney* has applied it to *victim* of the third party's crime. The Fifth Circuit has said it can apply only when the harm is the creation of the chance for a private citizen to commit a crime. *Randolph*, 130 F.3d at 731. The officer must know that the victim is in immediate danger. *Saenz v. Heldenfels Bros., Inc.*, 183 F.3d 389, 392 (5th Cir. 1999). None of these elements would mean anything if the state must

8

protect not only the direct victims, but also those who might learn of the victim's injuries or happen to live in the area of the crime.

The "state created" danger exception claims involve substantial deprivations of liberty interests; it has not been found when the primary injury is emotional distress. *See, e.g., Osborne v. Brown*, 2000 WL 764928, *10 (E.D. Pa. June 13, 2000)(no deprivation of 'liberty' to support "state created" danger claim that police failed to protect plaintiff from verbal harassment of demonstrators); *Clifford v. Turk*, 2000 WL 249492, *4 (D. Ore. Feb. 22, 2000)(no "state created" danger liability for officer that spread rumor that decedent had turned in his friends to the police, even though resulting ridicule and harassment from schoolmates drove him to suicide).

Therefore, the "state created" danger exception does not extend beyond persons who are the victim of the third-party's criminal acts and suffer only emotional distress.

> 2. Defendant Moore Did Not Force Plaintiff in Harm's Way
>    While Impairing Her Ability to Protect Himself

Here, the allegations conclusively acknowledge that Moore did not put Mrs. Carlson into a dangerous situation nor did he strip her of her ability of self defense.    The Amended Complaint, ¶ 23, alleges the Sheriff's deputies "ordered" her to remain in her house.  This conclusively negates any claim that Defendant Moore put her in harm's way. *See, for example, Randolph*, 130 F.3d at 731; *Callis v. Sellars*, 931 F.Supp. 504, 513, 520 (S.D.Tex. 1996).

Carlson's earlier Response, p. 5, argued that the failure to advise her of danger "stripped" her of self-defense because she cold not leave. However, she alleges she stayed at the request of the Sheriff. Simply because Carlson lived near the Moore residence did not make her more vulnerable. *See, for example*, *Randolph*, 130 F.3d at 731 (social worker's encouragement of plaintiff to live at halfway house did not create opportunity that would not otherwise have existed for crime to occur). The Complaint fails to show that *Defendant* stripped her of means to defend herself and cut off from all sources of aid.

      3.     Defendant Did Not Create A Risk Of
                 Third Party Crime That Did Not Already Exist

Here, the alleged risk of harm was Carlson would suffer emotional distress after Ernest Moore seized the HPD rifle and shot a Border Patrol Agent trying to capture him. The pleadings must show Defendant had created the opportunity for a third party's crime that otherwise would not have existed. *Randolph*, 130 F.3d at 731; *Johnson*, 38 F.3d at 201. Therefore, Carlson must plead facts showing that R.D. Moore was actually aware he had created an extreme risk that a private citizen would use the rifle to shoot someone so as to frighten Carlson which risk did not otherwise exist. *Johnson*, 38 F.3d at 201-2; *Lefall*, 28 F.3d at 531.

The Complaint alleges nothing to show that Defendant incited Ernest Moore to take Defendant Moore's rifle or fire on the sheriff's deputies. The pleading states no facts showing that, unless Ernest Moore seized an HPD rifle, no gunfire would have erupted. Not issuing the rifle to Defendant Moore would have prevented Ernest from having it.

Not issuing the rifle to Defendant Moore would have prevented Ernest from having it. However, this is not the same thing as creating an opportunity to commit those crimes which Ernest would not have had otherwise.  Failing to prevent a crime is not the same thing as causing it.  *Estate of Brown v. Barian*, 43 F.Supp.2d 1008, 1019 (E.D.Wisc. 1999).

Any alleged knowledge that Ernest Moore might be dangerous or likely to harm people does not create the risk of harm.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 700 (9th Cir. 1990); *Losinski v. City of Trempealeau*, 946 F.2d 544, 551 (7th Cir. 1991). Plaintiff must state facts showing Defendant's storage practices created the opportunity for Ernest Moore to cause Carlson to suffer emotional distress, which chance he would not have had without the HPD rifle.

        4.     Defendant Did Not Know Of Any
               Immediate Danger Facing A Known Victim

The "state created danger" doctrine will not apply where the government actor is not aware of any immediate danger facing a known victim.  *Saenz*, 183 F.3d at 392. There, the Fifth Circuit clearly stated that the "state created danger" theory is inapposite without a known victim.  *Id.* at 392.

In *Saenz*, the Fifth Circuit upheld summary judgment in favor of two sheriff's deputies who declined to arrest an obviously drunk driver.  183 F.3d at 390.  About 15 minutes after the deputies declined to arrest him, the drunk driver had an accident causing

11

two fatalities. *Id.* The Fifth Circuit affirmed, holding there was no Due Process violation for increasing the risk of harm to unidentifiable members of the public. *Id.* at 391.

Here, there is no allegation Defendant Moore even knew Carlson existed, much less knew she was at home and in any danger. Plaintiff claims that she stayed in her house only because the Sheriff's deputies asked her to do so. She alleges no facts showing the Defendant knew or was virtually certain that the Sheriff would direct her to take this action.

### V.   State Law Claims

Plaintiff alleges only a negligence claim against Defendant Moore. She does not allege that Defendant entrusted the rifle to Ernest Moore. Rather, she relies on a theory that he took it without Defendant Moore's knowledge or consent. The alleged negligence focused solely on the inadequate security for the rifle, not negligent entrustment to Ernest Moore. Finally, the sole event is that shooting the Border Patrol agents caused emotional distress to Plaintiff Carlson.

First, the only resulting injury was emotional distress. There is no general duty in Texas not to negligently inflict emotional distress. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (Tex. 1993). A claim of intentional infliction can lie only if defendant intended that plaintiff suffered emotional distress. *Standard Fruit & Veg. Co. v. Johnson*, 985 S.W.2d 62, 66-67 (Tex. 1998). "We hold that intentional infliction of emotional distress is not available as an independent cause of action unless the actor intends to cause severe emotional distress or severe emotional distress is the primary risk created by the actor's

12

reckless conduct," 985 S.W.2d at 63. Carlson does not allege Defendant Moore intended any action caused her emotional distress.

Second, Texas cases have held that negligent entrustment of a firearm to an incompetent user may actionable. *Kennedy v. Baird*, 682 S.W.2d 377, 388 (Tex. App.-El Paso 1984, no writ). However, *Kennedy* does not state that there can be liability for failing to prevent the weapon from being taken without permission.

To the extent that the complaint alleges Defendants negligently failed to destroy the rifle, it fails to state facts raising state law tort duty. Whether the facts arise to a legal duty to exercise ordinary care is a law question for the court. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990). The court weighs the nature of the risk, the foreseeability of the risk of harm, and the probability of injury against the utility of the defendant's conduct, imposing a burden on the defendant to guard against that injury, and the magnitude of that burden. *Golden Spread Council, Inc. v. Akins*, 926 S.W.2d 287, 289-90 (Tex. 1996). The foreseeability of harm is not alone sufficient to create a duty to exercise care. *Golden Spread Counsel*, 926 S.W.2d at 290-291. Generally, a person has no duty to protect another from the criminal acts of the third party or otherwise control the third party to prevent harm. *Walker v. Harris*, 924 S.W.2d 375, 377 (1986).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant R.D. MOORE prays the above and foregoing be taken under submission and upon hearing same, the Court grant

13

of the claims alleged, or grant any other such further relief to which he may show himself

entitled.

Respectfully submitted,

By: _____

TOM LOCKHART
Federal ID No. 2257
State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE and
JIM SCHEOPNER

WALTER PASSMORE
Federal ID No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and
JIM SCHEOPNER, In Their Individual
Capacities

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this _7_ day of September, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ALICE CARLSON:

    Mr. Ronaldo S. Lozano      **Via CMRRR No. 7099 3400 0014 6896 6471**
    Attorney at Law
    360 East Hwy. 77, Suite 1
    San Benito, TX 78586-5214

Attorneys of record for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities:

    Mr. Walter Passmore
    PASSMORE, WALKER & TWENHAFEL, LLP
    P. O. Drawer 3766
    McAllen, TX 78502-3766

Attorneys of record for Defendant, CAMERON COUNTY:

    Mr. Richard O. Burst
    Commissioners Court
    Civil Legal Department
    964 E. Harrison
    Brownsville, TX 78520

ROGER W. HUGHES

15