failing to prevent injuries inflicted by third parties was, at best, highly unsettled in July 1998.

The state's failure to protect an individual against violence caused by another citizen generally does not state a claim under the Fourteenth Amendment's "Due Process" Clause. *DeShaney v. Winnebago County Dept. of Soc. Serv.*, 489 U.S. 189 (1989). Fourteenth Amendment "Due Process" is triggered only by affirmative government acts and puts no duty on government officials to act to prevent a third party from harming the claimant. 489 U.S. at 196-197. The Supreme Court did not approve or disapprove of a rule imposing liability if the state created a risk of harm which it forced the claimant to suffer, i.e., "state-created danger." *Id.*

While the Supreme Court may have left this question open, the Fifth Circuit has consistently declined to adopt such a "state-created danger" exception to *DeShaney*. *Randolph*, 130 F.3d at 731; *Johnson v. Dallas ISD*, 38 F.3d 198, 201 (5th Cir. 1994), *cert. denied*, 514 U.S. 1017 (1995). In *Johnson*, the court indicated that it was not inclined to recognize such an exception. 38 F.3d at 201. The Fifth Circuit has expressed extreme skepticism that the exception will ever be recognized. *Leffall v. Dallas I.S.D.*, 28 F.3d 521, 530 (5th Cir. 1994).

Defendant Moore's Motion to Dismiss Amended Complaint Under Rule 12(b)(6) states the reasons why the Amended Complaint fails to plead any claim under the Fourth Amendment.



ClibPDF - www.fastio.com

D. Any Alleged Right Not "Clearly Established" In July 1998

Precisely because the Fifth Circuit has declined to adopt the "state-created danger" exception, it and courts within its circuit have found qualified immunity against such claims. *Salas v. Carpenter*, 980 F.2d 299, 308-309 (5th Cir. 1992); *Callis v. Sellars*, 931 F.Supp. 504, 519-520 (S.D.Tex. 1996) (Atlas, Jr.). Even in those circuits recognizing the exception, its unsettled nature has led them to uphold qualified immunity against such claims. *Soto v. Flores*, 103 F.3d 1056, 1065 (1st Cir. 1997), *cert. denied*, 522 U.S. 819 (1997); *Summar v. Bennett*, 157 F.3d 1054, 1057 (6th Cir. 1998). Only a few months after this incident, a court in the Southern District echoed that no Fifth Circuit cases had upheld the "state-created danger" theory. *Martin v. City of League City*, 23 F.Supp.2d 720 (S.D.Tex., Sept. 30, 1998) (Kent, J.).

Carlson's Response to Scheopner's motion cites no contrary case from the Fifth Circuit or U.S. Supreme Court. Rather, Carlson has argued that the "clearly established" law creating the duty came from *state* law, i.e., 28 T.A.C., § 211.104.

However, the relevant question is whether *federal* law was clearly established in 1998. *Siegert*, 500 U.S. at 233. Sec. 1983 provides no remedy for violating state laws or regulations. *Wyatt v. Cole*, 994 F.2d 1113, 1117-18, 1121 (5th Cir. 1993), *cert. denied*, 510 U.S. 971 (1993). Therefore, whether Moore's conduct complied with or violated state laws is irrelevant to the qualified immunity analysis.



ClibPDF - www.fastio.com

## CONCLUSION

Because Defendant Moore asserted qualified immunity against the individual liability claims, Plaintiff is obligated to state facts showing the existence of a violation of the Constitution, that Defendant's conduct violated clearly established constitutional law in July 1998, and his conduct was objectively unreasonable. Plaintiffs' Amended Complaint wholly fails to allege such facts. As a matter of law, it alleges no constitutional violations; the law was not clearly established in July 1998. Therefore, the Court should dismiss under Rule 12(b)(6).

WHEREFORE, PREMISES CONSIDERED, Defendant, R.D. Moore, prays the Court grant the relief requested, and any other such further relief to which he may show himself entitled.

Respectfully submitted,

By: ______________________________

TOM LOCKHART
Federal ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Federal ID No. 5950
Texas State Bar No. 10229500
P. O. Drawer 1429
Harlingen, TX 78551-1429
956/428-7495; FAX: 956/428-2954
Attorney-in-Charge for Defendants,

CITY OF HARLINGEN, R.D. MOORE and JIM SCHEOPNER



ClibPDF - www.fastio.com

WALTER PASSMORE
Federal No. 2264
Texas State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
2424 North 10th St., Suite 201; 78501
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; Fax: 956/686-1276

Attorney for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 7th day of September, 2000, to the following counsel of record and interested parties:

---

Attorney of record for Plaintiff, ALICE CARLSON:

Mr. Ronaldo S. Lozano **Via CMRRR No. 7099 3400 0014 6896 6471**
Attorney at Law
360 East Hwy. 77, Suite 1
San Benito, TX 78586-5214

Attorneys of record for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities:

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766



ClibPDF - www.fastio.com

Attorneys of record for Defendant, CAMERON COUNTY:

Mr. Richard O. Burst
Commissioners Court
Civil Legal Department
964 E. Harrison
Brownsville, TX 78520

ROGER W. HUGHES



ClibPDF - www.fastio.com