United States District Court
Southern District of Texas
FILED

SEP 1 9 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALICE CARLSON | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B-00-071 |
| | § | |
| | § | JURY DEMANDED |
| CITY OF HARLINGEN, TEXAS, | § | |
| CAMERON COUNTY, TEXAS, | § | |
| R.D. MOORE AND | § | |
| JIM SCHEOPNER | § | |

## PLAINTIFFS' RESPONSE TO DEFENDANT CAMERON COUNTY MOTION TO DISMISS UNDER A FRCP12(b)(6) PLEA

TO THE HONORABLE JUDGE OF THIS COURT:

### I.

### STANDARD OF REVIEW

The standard of review for a motion to dismiss is stated in Page 2 of their Memorandum Supporting FRCP 12(b)(6) Plea as following:

Under Rule 12(b)(6), the court must accept the allegations as true and must view them in the light most favorable to plaintiffs, drawing all reasonable inference in favor of the pleader. *Baker v. Putnql*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal under Rule 12(b)(6) is correct when it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Meadowbriar Home For Children, Inc. v. G.B. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996).

A court may not grant a motion to dismiss "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). In other words, even if the complaint fails to state a claim, a court ordinarily should not dismiss the complaint except after affording every opportunity to plaintiff to state a claim. *Blair v. National Construction Company of the South, Inc.*, 611 F.2d 80, 82 (5th Cir. 1980); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977); *Byrd v. Bates*, 220 F.2d 480, 482 (5th Cir. 1955).

## II.

## THE FACTS ALLEGED IN FIRST AMENDMENT COMPLAINT ARE SUFFICIENT TO SUPPORT PLAINTIFFS' 1983 CAUSE OF ACTION

Conduct of a state official, more culpable than negligence, may constitute denial of due process sufficient to support an action under 42 U.S.C. § 1983. *Salas v. Carpenter*, 980 F.2d 299, 307 (5th Cir. 1992). The conduct of Cameron County through its law enforcement component the Sheriff's Department, as alleged in the amendment, is more culpable than negligence.

In the present case, the AR-15 semi-automatic assault rifle used by Ernest Moore, son of Detective Moore, to kill Ricardo Guillermo Salinas and Susan Lynn Rodriguez, and injure Plaintiff Carlson in the ensuing "war zone" through infliction of emotional distress with physical manifestation, was owned by a Harlingen citizen, Sylvia Pirtle, a physician's wife. In 1996, she delivered possession and ownership of this assault rifle to the Harlingen Police Department, for one – and only one – purpose: to destroy it because she was afraid of burglary and that the assault rifle could fall into the dangerous hands of criminals. Instead of destroying it, Chief Scheopner illegally took possession of the rifle for the Harlingen Police Department and assigned it to Detective Moore.

The abuse of power under color of law, that includes the Cameron County Sheriff's Department actions, proximately caused the tragic sequence of events leading to the reckless disregard of the law by the Sheriff's department, but for this deliberate indifference the sad event in question would never have taken place. As noted a Fourth Amendment seizure was accomplished by officers.

Furthermore, as the facts set forth in the First Amended Complaint indicate, this case does meet the four-prong "state-created danger" test under *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997) described on Page 9 of Defendants' FRCP 12(b)(6) Motion as following:

1. The government officials must create the dangerous situation;

2. They must know the situation is dangerous;

3. The danger must create an opportunity for a third party to commit a crime which would not otherwise exist; and

4. They must affirmatively place the plaintiff in a position of danger in such a way as to strip the plaintiff of his *sic* ( her ) ability for self defense.

First, Detective Moore, as a police officer, created the dangerous situation by allowing - or continuing to allow - his son access to the AR-15 by having the *only* other key to the gun cabinet where it was stored, and by not warning all police agencies or next door neighbors – or having another officer ( e.g. Cameron County Deputies ) do so – that his son had taken the AR-15 from the gun case that day, which was a conscious indifference to their safety. This led to the violation of Ms. Carlson's Constitutional rights.

Second, those same facts show that Detective Moore knew the situation was dangerous. Further and in fact, he told another officer, presumably a deputy [no formal discovery is ongoing] – before the Border Patrol Agents were shot – that his son was probably off in the brush (Detective Moore knew his son was around because his truck was there, full of ammunition), the AR-15 was

missing from the gun cabinet in the house, his son was upset and mentally unstable, his son was a good shooter with the AR-15, and he might be suicidal (One who shoots himself with an AR-15 takes a risk of the bullet going through the body or ricocheting and hitting others).

Third, by not informing – or having another officer inform – Alice Carlson of these clear and present dangers, Cameron County stripped her from the ability of defending herself simply by going away, which was a conscious indifference to her safety on the part of Cameron County Sheriff Department deputies whom prevented Ms. Carlson egress from a dangerous context thus causing her liberty interests to be placed under their [defendants] collective directive and control. This custom or policy of Cameron County, even if only a single incident still qualifies as a § 1983 action. *Pembaur v. City of Cincinatti*, 475 U.S. 469, 480, 106 S.Ct. 1292, 1298 (1986).

Respectfully submitted,

*[signature]*

RONALDO S. LOZANO
FED ID 14048
TBN: 12648010
360 E. Hwy. 77, Suite 1
San Benito, TX 78586-5214
(956)399-9663
FAX (956)399-8285
ATTORNEY-IN-CHARGE
PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above and foregoing document was forwarded on September 19, 2000, to the following counsel of record and interested parties:

Mr. Walter J. Passmore
PASSMORE, WALKER & TWENHAFEL, L.L.P.
2424 North 10th St, Suite 201
McAllen, Texas 78501
Attorneys for Individual Defendants

Mr. Tom Lockhart
Mr. Jim Denison
Mr. Roger W. Hughes
ADAMS & GRAHAM, L.L.P.
222 E. Van Buren, West Tower
Harlingen, Texas 78551-1429
Attorneys for Defendants

Mr. Richard Burst
County Commissioners Court
964 E. Harrison
Brownsville, TX 78520
Attorney for Cameron County

_Ronaldo S. Lozano_
Ronaldo S. Lozano

ClibPDF - www.fastio.com