United States District Court
Southern District of Texas
FILED

OCT 24 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ARTURO G. SALINAS, ET AL. | { | |
| | { | CIVIL ACTION NO. B-98-162 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |
| | | |
| ALICE CARLSON | { | |
| | { | CIVIL ACTION NO. B-00-071 |
| V. | { | |
| | { | |
| CITY OF HARLINGEN, ET AL | { | |

**DEFENDANTS' JOINT RESPONSE TO
CARLSON'S MOTION FOR CONSOLIDATION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants **CITY OF HARLINGEN** ("Harlingen") in Civil Action No. B-98-162 and Defendants, **JIM SCHEOPNER** ("Scheopner"), and **R.D. MOORE** ("Moore") in Civil Action No. B-00-071, and file this **DEFENDANTS' JOINT RESPONSE TO CARLSON'S MOTION FOR CONSOLIDATION** and would show the Court as follows:

## I.

## Status of The Proceedings

Alice Carlson, Plaintiff in Case No. B-00-071, has moved to consolidate her case with Case No. B-98-162, styled "Salinas, et al. v. City of Harlingen, et al."

This Court has consolidated into Case No. B-98-162, two other cases: (1) "Gilberto Rodriguez, et al. v. City of Harlingen, et al.," Case No. B-98-163, and (2) "Raul Rodriguez v. City of Harlingen, et al.," Case No. B-99-070. Those cases arise from claims that Ernest Moore shot two US Border Patrol agents and a Cameron County Sheriff's deputy at the residence of Defendant R.D. Moore, while the law enforcement officers were searching for Ernest to arrest him for another violent crime. The Court dismissed the federal claims against Defendants Moore and Scheopner due to qualified immunity in March 1999; the Plaintiffs dismissed the remaining State law claims against Defendants Moore and Scheopner. The Court stayed discovery pending further order and has ordered the parties to hold a Rule 26(f) Conference and submit a Joint Discovery/Case Management Plan and proposed Scheduling Order which they have done. The Court also has under submission Defendant Harlingen's Motion for Summary Judgment; if granted, the Motion would dispose of all remaining claims.

Carlson filed her lawsuit on May 10, 2000. She claims that she was Defendant Moore's neighbor and suffered emotional distress when she heard the shooting next door. The court has under submission (1) Defendants' Motion to Dismiss under Rule 12(b)(6)

# I.

## Status of The Proceedings

Alice Carlson, Plaintiff in Case No. B-00-071, has moved to consolidate her case with Case No. B-98-162, styled "Salinas, et al. v. City of Harlingen, et al."

This Court has consolidated into Case No. B-98-162, two other cases: (1) "Gilberto Rodriguez, et al. v. City of Harlingen, et al.," Case No. B-98-163, and (2) "Raul Rodriguez v. City of Harlingen, et al.," Case No. B-99-070. Those cases arise from claims that Ernest Moore shot two US Border Patrol agents and a Cameron County Sheriff's deputy at the residence of Defendant R.D. Moore, while the law enforcement officers were searching for Ernest to arrest him for another violent crime. The Court dismissed the federal claims against Defendants Moore and Scheopner due to qualified immunity in March 1999; the Plaintiffs dismissed the remaining State law claims against Defendants Moore and Scheopner. The Court stayed discovery pending further order and has ordered the parties to hold a Rule 26(f) Conference and submit a Joint Discovery/Case Management Plan and proposed Scheduling Order which they have done. The Court also has under submission Defendant Harlingen's Motion for Summary Judgment; if granted, the Motion would dispose of all remaining claims.

Carlson filed her lawsuit on May 10, 2000. She claims that she was Defendant Moore's neighbor and suffered emotional distress when she heard the shooting next door. The court has under submission (1) Defendants' Motion to Dismiss under Rule 12(b)(6)

for failure to state a claim, and (2) the Individual Defendants' Motion to Dismiss based on Qualified Immunity. The Court has stayed discovery against the individual Defendants pending a ruling on qualified immunity.

## II.

On its merits, Carlson's request to consolidate should be rejected.

Under Fed.R.Civ.P. 42(a), a Motion for Consolidation may be granted if the two cases involved common questions of law or fact, and the consolidation would avoid unnecessary cost or delay. *St. Bernard General Hospital, Inc. v. Hospital Services Association of New Orleans, Inc.*, 712 F.2d 978, 989-980 (5th Cir. 1983), *cert. denied*, 466 U.S. 990 (1984); *Dillard v. Merrill, Lynch, Pierce, Fenner, & Smith*, 961 F.2d 1148, 1161 (5th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). Whether to grant or deny the motion is purely discretionary with the trial court. *Dillard*, 961 F.2d at 1161; *St. Bernard General Hospital*, 712 F.2d at 989-90.

The Court may deny the motion based on prejudice to the opposing parties. *St. Bernard General Hospital*, 712 F.2d at 990. It is also proper to deny if the two cases are in different stages of preparation for trial. *Mills v. Beach Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *St. Bernard General Hospital*, 712 F.2d at 990.

## III.

The cases are in different stages of preparation. Carlson has the initial problem that she has not overcome Defendants' Rule 12(b)(6) challenges for failing to state a claim.

There is no point to consolidation if the Court is inclined to dismiss Carlson's claims under Rule 12(b)(6).

In Civil Action No. 98-162, the parties have undertaken substantial discovery. Defendant Harlingen has filed a Motion for Summary Judgment which, if granted, would dispose of the entire case; consolidation could therefore interfere with the prompt disposition of Civil Action No. 98-162. Additionally, the parties in Civil Action No. 98-162 have filed their Joint Discovery/Case Management Plan. This Plan would be put at risk if consolidation is allowed because:

1)  witnesses would be redeposed and unanticipated witnesses would be deposed;

2)  it would require the participation of two additional attorneys (Walter Passmore and Ronald Lozano) who did not participate in the preparation of the Plan.

### IV.

Additionally, consolidation would impose unnecessary burden and hardship on Jim Scheopner and R.D. Moore who are not parties to Civil Action No. B-98-162.

### V.

Further, if the cases are consolidated and if they are tried, there will be prejudicial confusion of identity of the Defendants, events and issues.

**WHEREFORE, PREMISES CONSIDERED**, Defendants, City of Harlingen, Jim Scheopner and R.D. Moore pray that consolidation be denied.

Respectfully submitted,

By: _____
TOM LOCKHART
Admissions ID No. 2257
Texas State Bar No. 12473500
ROGER W. HUGHES
Admissions ID No. 5950
Texas State Bar No. 10229500
ADAMS & GRAHAM, L.L.P.
P.O. Drawer 1429
Harlingen, Texas 78551-1429
956/428-7495; FAX: 956/428-2954

Attorneys for Defendants, CITY OF HARLINGEN, TEXAS; R.D. MOORE and JIM SCHEOPNER

WALTER J. PASSMORE
Admissions ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766
956/687-6225; FAX: 956/686-1276

Attorneys for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 24th day of October, 2000, to the following counsel of record and interested parties:

Attorney of record for Plaintiff, ALICE CARLSON:

| | |
|---|---|
| Mr. Ronaldo S. Lozano<br>Attorney at Law<br>360 East Hwy. 77, Suite 1<br>San Benito, TX 78586-5214 | <u>CM RRR 7000 1670 0000 0785 3424</u> |

Attorneys of record for Defendants, R.D. MOORE and JIM SCHEOPNER, In Their Individual Capacities:

Mr. Walter Passmore
PASSMORE, WALKER & TWENHAFEL, LLP
P. O. Drawer 3766
McAllen, TX 78502-3766

Attorney for Plaintiffs, ARTURO GUILLERMO SALINAS, et al:

Mr. Broadus A. Spivey
SPIVEY & AINSWORTH, P.C.
48 East Avenue
Austin, Texas 78701-4320

Mr. Richard Pena
LAW OFFICES OF RICHARD PENA, P.C.
Barton Oaks Plaza Two
901 MoPac, Suite 325
Austin, Texas 78746-5747

_____
TOM LOCKHART