45

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 26 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Alice Carlson, | § | |
| Plaintiff | § | |
| v. | § | CIVIL CAUSE NO. 00-71 |
| City of Harlingen, et al, | § | |
| Defendants. | § | |

**ORDER**

The Plaintiff alleges that the Defendants were negligent and violated her Fourth and Fourteenth Amendment rights because they prevented her from leaving her home during a shoot-out. The Defendants argue in their motions to dismiss that the Plaintiff has failed to allege an actionable negligence claim or a violation of her constitutional rights. Furthermore, the individual Defendants assert that they are entitled to qualified immunity from the Plaintiff's Fourteenth Amendment claim because the law was not clearly established at the time of the shoot-out. The Court finds that the Defendants' arguments have merit, and that the Plaintiff's complaint fails to state a negligence cause of action or a claim for a violation of her Fourth or Fourteenth Amendment rights. The Court therefore **GRANTS** the Defendants' Motions to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 12 and 28] for failure to state a claim, and declares **MOOT** the individual Defendants' Motions to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 13 and 29] based on Qualified Immunity and the Plaintiff's Motion to Consolidate [Dkt. No. 40] her lawsuit with another case arising out of the same incident.[1]

---

[1] The Court granted the Plaintiff leave to file an additional amended complaint through a prior written order [Dkt. No. 44]. However, the Plaintiff did not file an amended complaint by the deadline provided by the Court.

1

I. **The Defendants' motions to dismiss the Plaintiff's first amended complaint based upon Plaintiff's failure to state a claim upon which relief can be granted and qualified immunity**

A. Standard to be used in deciding a motion to dismiss

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a district court must accept all well-pleaded facts as true, and construe them in favor of the plaintiff. See Conley v. Gibson, 335 U.S. 41, 45-46 (1957); Petta v. Rivera, 143 F.3d 895, 897 (5th Cir. 1998); McCartney v. First City Bank, 970 F.2d 45, 47 (5th Cir. 1992). The plaintiff is only required to plead sufficient information to outline the elements of his or her cause of action or to permit reasonable inferences to be drawn that these elements exist. See General Star Indemnity, Co. v. Vesta Fire Ins., Corp., 173 F.3d 946, 950 (5th Cir. 1999); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Walker v. South Central Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990). See also 5 C. WRIGHT & C. MILLER, FEDERAL PRACTICE & PROCEDURE § 1216 (2d ed.1990). In other words, the complaint must simply provide the opposing party with fair notice of the plaintiff's claim and the grounds upon which it is based. See Conley, 355 U.S. at 47. The Supreme Court has stated, and the Fifth Circuit has repeatedly cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Walker v. South Bell Central, 904 F.2d 275, 276 (5th Cir. 1990) (citing Conley, 355 U.S. at 45-46.). See also Davis v. Monroe County Brd. of Education, 526 U.S. 629, 654 (1999); Shipp v. McMahon, 199 F.3d 256, 260 (5th Cir. 2000); Tuchman, 14 F.3d at 1067; Mahone v. Addicks Utility Dist. of Harris County, 836 F.2d 921, 926 (5th Cir. 1988). Ambiguities or doubts regarding the sufficiency of the claim must be resolved in favor of the plaintiff in order "to do substantial justice." Fed R. Civ. Pr. 8(f). See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). A court may not look at matters outside the pleadings in deciding the motion. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir. 1998).

2

B.   Summary of the facts pled in the Plaintiff's complaint

The Plaintiff, Alice Carlson, claims that she was injured in July of 1998 because law enforcement officers prevented her from leaving her home during a shoot-out between a murder suspect and law enforcement officers. The shoot-out took place in the vicinity of the Plaintiff's property. The Plaintiff does not allege how she was injured by this incident although she has filed an amended complaint and was given the opportunity to amend her complaint a second time. The allegations in the Plaintiff's amended complaint focus almost exclusively on actions directed at and the injuries of three law enforcement officials who were either murdered or seriously wounded by the suspect in the shoot-out.[2]

The murder suspect, Ernest Moore, was the son of a City of Harlingen police detective, Defendant R.D. Moore. Ernest Moore lived with his father in a house adjacent to that of the Plaintiff. The rifle used by Ernest Moore in the shoot-out had been turned into the Harlingen Police Department for destruction and was reissued by the Chief of Police, Defendant Jim Scheopner, to R.D. Moore. Ernest Moore took the rifle from a gun safe where it was stored in his and his father's home. R.D. Moore allegedly knew that his son had taken the rifle and was homicidal, but failed to adequately warn law enforcement officials of the danger posed by his son.

The Plaintiff alleges that the City of Harlingen knew that there were serious deficiencies in Chief of Police Jim Scheopner's administration of the police department before the shoot-out. Specifically, Jim Scheopner purportedly allowed favored officers, such as R.D. Moore, to circumvent and violate laws and departmental procedures. The City did nothing to remedy the situation although it allegedly knew of these practices. As such, the Plaintiff alleges that the City's actions caused the shoot-out by allowing the rifle to fall into the hands of the shooter, Ernest Moore.

---

[2] The Plaintiff's original complaint stated that the Plaintiff suffered emotional distress and physical manifestations thereof. This statement was omitted from the Plaintiff's amended complaint.

3

C. <u>The Plaintiff's claim for a violation of her Fourth Amendment rights under 42 U.S.C. § 1983</u>

The Defendants argue that the Plaintiff has not alleged a violation of her Fourth Amendment rights because there was no seizure of her person by any of the Defendants. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. 4. A person is seized for Fourth Amendment purposes if she is detained by means intentionally applied to terminate her freedom of movement. See <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998); <u>Soldal v. Cook County, Ill.</u>, 506 U.S. 56, 61 (1992); <u>Brower v. County of Inyo</u>, 489 U.S. 593, 596 (1989); <u>Petta v. Rivera</u>, 143 F.3d 895, 901 (5th Cir. 1998); <u>Laughlin v. Olszewski</u>, 102 F.3d 190, 193 (5th Cir. 1996). The Plaintiff alleges that "[s]everal law enforcement officers including those form the Cameron County Sheriff's department prevented her egress" from her home [Dkt. No. 8, ¶ 23].[3] Under the liberal notice pleading principles of Federal Rule of Civil Procedure 8(a), this statement is sufficient to plead a Fourth Amendment seizure. However, while the Plaintiff does alleges a seizure, she does not state an actionable Fourth Amendment violation. Her complaint does not assert that any of the Defendants proximately caused the seizure or that the seizure was unreasonable. See <u>Soldal</u>, 506 U.S. at 61-62, 71; <u>Brower</u>, 489 U.S. at 599; <u>Baker v. Putnal</u>, 75 F.3d 190, 199-200 (5th Cir. 1996).[4] The Defendants' motions to dismiss the Plaintiff's Fourth Amendment 42 U.S.C. § 1983 cause of action are consequently **GRANTED**.

---

[3] The Plaintiff's amended complaint names Cameron County as a defendant; however, the county is no longer a party in this lawsuit. The Court granted the Plaintiff's unopposed motion to dismiss Cameron County in October 2000 [Dkt. No. 39]

[4] The Defendants do not argue that the seizure was reasonable in their motions to dismiss; however, it merits mention that a seizure is not actionable in and of itself. The Fourth Amendment only prohibits unreasonable seizures. See <u>Soldal</u>, 506 U.S. at 61-62, 71; <u>Brower</u>, 489 U.S. at 599. The Plaintiff has not alleged that her seizure was unreasonable.

4

D. <u>The Plaintiff's claim for a violation of her Fourth Amendment rights under 42 U.S.C. § 1983</u>

The Defendants allege that the Plaintiff has failed to adequately assert a violation of her Fourteenth Amendment substantive due process rights. The Defendants contend that the Fifth Circuit has not adopted a state-created danger cause of action, and, in the alternative, that the Plaintiff has not adequately pled the elements of the claim. The individual Defendants also argue that they are entitled to qualified immunity because it was not clearly established that the Plaintiff could allege a state-created danger claim in July of 1998 when the shoot-out occurred.

The Plaintiff cannot state a cause of action for a violation of her Fourteenth Amendment substantive due process rights because she has alleged a Fourth Amendment seizure. The Supreme Court has held that all claims arising from a seizure must be analyzed under Fourth Amendment standards instead of substantive due process principles. <u>See</u> <u>United States v. Lanier</u>, 520 U.S. 259, 272, n. 7 (1997) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); <u>Graham v. Connor</u>, 490 U.S. 386, 388-89, 395 (1989).

Even if the Plaintiff could allege a state-created danger substantive due process violation, the claim would fail on the merits. The Fifth Circuit outlined the elements of a state-created danger cause of action in <u>Randolph v. Cervantes</u>, after cautioning that it has not yet recognized the claim. <u>See</u> 130 F.3d 727, 731 (5th Cir. 1997). The elements of the cause of action are:

(1) the environment created by the state actors must be dangerous;

(2) the state actors must know that it is dangerous;

(3) the state actors must have used their authority to create an opportunity that otherwise would not have existed for the third party's crime to occur; and,

(4) the state must have effectively stripped a person of her ability to defend herself, or cut off potential sources of private aid. <u>See</u> 130 F.3d at 731.

5

The elements of the cause of action contemplate that a plaintiff was the victim of a third party's crime and that the state actors created a danger specific to the plaintiff. See e.g. Saenz v. Heldenfels, Bros., Inc., 183 F.3d 389, 391-92 (5th Cir. 1999); Randolph, 130 F.3d at 731; Doe v. Hillsboro Indep. Sch. Dist., 113 F.3d 1412, 1414-15 (5th Cir. 1997); Salas v. Carpenter, 980 F.2d 299, 306-09 (5th Cir. 1995); Walton v. Alexander, 44 F.3d 1297, 1302 (5th Cir. 1995); Johnson v. Dallas Independent School Dist., 38 F.3d 198, 200-02 (5th Cir. 1994); Lefall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 530-31 (5th Cir. 1994). In this case, the Plaintiff has not alleged that she was injured by Ernest Moore in the shoot-out, that she was the focus of any of his actions, or that he even knew she was present. Moreover, the Plaintiff has not alleged that the law enforcement officers who kept her in her home placed her in any real and specific danger. The Defendants' motions to dismiss the Plaintiff's Fourteenth Amendment substantive due process cause of action for failure to state a claim are therefore **GRANTED**. Since the Court has granted the Defendants' motions to dismiss on the merits, the individual Defendants' motions to dismiss the Plaintiff's claim based on qualified immunity are **MOOT**.

E.   Plaintiff's state law negligence claims

The Defendants correctly argue that the Plaintiff cannot plead a negligence cause of action because they did not owe a duty to the Plaintiff under Texas law. The Plaintiff has not provided, and the Court cannot ascertain, any legal duty on which the Plaintiff could permissibly base a negligence claim. The Defendants' motions to dismiss the Plaintiff's negligence claims are accordingly **GRANTED**.

II.   **Plaintiff's motion to consolidate**

The Plaintiff requests that her lawsuit be consolidated with another case pending before this Court pursuant to Federal Rule of Civil Procedure 42(a). The case with which the Plaintiff would like her case to be consolidated, Salinas, et al., v. City of Harlingen, et al. [98cv162], arises out of the same incident. The plaintiffs in Salinas are law enforcement officers who were either seriously wounded or murdered by Ernest Moore. The Plaintiff's motion is **MOOT** because the Court has dismissed all of the claims in this lawsuit.

However, even if the Plaintiff had live causes of action pending, the Court would use its discretion to deny consolidation because, among other reasons, this case is at a different procedural posture than Salinas. See Mills v. Beech Aircraft Corp., Inc., 886 F.2d 758, 761 (5th Cir. 1989); N.A.A.C.P. of Louisiana v. Michot, 480 F.2d 547, 548 (5th Cir.1973).

III.  **Conclusion**

In summary, the Court has made the following rulings in this order:

(1)  the Defendants' Motions to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 12 and 28] is **GRANTED** as to all federal and state law causes of action pled in the Plaintiff's complaint;

(2)  the individual Defendants' Motions to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) [Dkt. Nos. 13 and 29] based on Qualified Immunity is **MOOT**; and,

(3)  the Plaintiff's Motion to Consolidate [Dkt. No. 40] is **MOOT**.

The Court has dismissed all of the Plaintiff's causes of action through this order. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

DONE at Brownsville, Texas, this the 26 day of February 2001.

_____
Hilda G. Tagle
United States District Court Judge